JACKSON, *ex dem.* MINER AND MINER, *against* BONEHAM.

In an action of ejectment brought by the heirs of *Moses Miner,* the plaintiffs claimed under a patent issued to *Moses Minner,* a soldier in the *New-York* line during the revolutionary war; it was held that the patent was *prima facie* evidence of the service of the soldier mentioned in it, and as it did not appear that there was any man in the army by the name of *Minner,* the variance must be considered a mere mis-spelling of the name, which could not affect the identity of the person, and did not make it a distinct name; and besides, the defendant claimed under a soldier of the name of *Moses Minor,* who, there was strong evidence to show, was the same as the person under whom the lessors claimed.

Hearsay is admissible as evidence of the death of a person.

It seems that a register of marriages and births, kept in the records of a town, is evidence of pedigree and heirship.

THIS was an action of ejectment brought to recover part of lot No. 86, in the former township of *Milton,* now *Geneva,* in the county of *Cayuga.* The cause was tried before. Mr. J. *Spencer,* at the *Cayuga* circuit, in *June,* 1817.

The plaintiff produced in evidence an exemplification of letters patent, dated the 13th of *September,* 1790, to *Moses Minner,* for lot No. 86, in the township of *Milton,* in *Montgomery* county, excepting 100 acres out of the south-east corner of the lot. *Esther Miner* was called as a witness on the part of the plaintiff, who testified, that she was the sister of *Moses Miner,* and of the lessors of the plaintiff, and that *Moses Miner* was, by trade, a gunsmith, and lived at *Stonington* in *Connecticut,* and about the year 1774 went to sea. The witness also proved a letter from *Miner* to his mother, dated at *New-York,* in *September,* 1775, in which he says that " he had got to be a soldier." She heard, in 1776, that he was with the *New-York* troops, but never heard of him again until fourteen years after the war, when she was told that he had been killed ; that the general opinion in the family was, that he was dead, and that he always spelt his name *Minor* and *Miner,* and not *Minner.* The testimony as to the death of *Moses,* and his being with the *New-York* troops, was objected to as hearsay, but was admitted by the judge. The plaintiff also gave in evidence a sworn copy of the records of the town of *Stonington,* which contained the date of the marriage of the parents of the lessors, and the time of the birth of their children. This memorandum was objected to, but was admitted by the judge.

The defendant gave in evidence a deed for the premises, dated *August* 29th, 1791, from *Ebenezer Minor,* describing himself as " heir at law to the estate of *Moses Minor,* deceased, late a private in the first *New-York* regiment, mariner," to *William I. Vredenburgh,* in fee. It appeared from the testimony of *Esther Miner,* that she and the plaintiff's lessors were the only surviving heirs of *Moses Miner ;* and it

was admitted, that if the plaintiff was entitled to recover, the defendant ought to be compensated for his improvements. A verdict was taken for the plaintiff, subject to the opinion of the court.

*Richardson*, for the plaintiff.

*Foot*, contra. He cited *Jackson*, *ex dem. Shultze*, v. *Goes*, 13 *Johns. Rep.* 518—523.

THOMPSON, Ch. J. delivered the opinion of the court. The premises in question are a part of lot No. 86, in the old township of *Milton*, and are claimed by the lessors of the plaintiff under a patent to *Moses Minner*, bearing date the 13th of *September*, 1790. The principal question in the case is, as to the identity of the soldier. The patent is *prima facie* evidence of the service, as a soldier, of the person mentioned in the patent; and where there appears to have been two persons of the same, or nearly the same name, in the service, it is, sometimes, difficult to identify the patentee. But in the case before us the only difficulty appears to arise from the name being spelled *Minner*, instead of *Miner*. It is evident that the soldier under whom the lessors claim wrote his name *Miner;* and if it had been shown that there had been in the army any man by the name of *Minner*, the patent would be deemed to have issued to him ; but nothing of that kind appearing, it must be considered a mere mis-spelling of the name, which cannot affect the identity of the person ; nor is it such a difference in the spelling as to make it a distinct name. Besides, the defendant himself sets up a title derived from a soldier by the name of *Moses Minor*. The grantor in the deed under which he claims describes himself as the heir at law of *Moses Minor*, deceased, late a private in the first *New-York* regiment, *mariner*. And the evidence in the case is very strong to show that this is the same person under whom the lessors derive title. It appears by the testimony of his sister, that he left *Stonington* in *Connecticut*, in the year 1774, and *went to sea*. And she produced a letter from him to his mother, dated at *New-York*, in *September*, 1775, which men-

NEW-YORK,
May, 1818.

JACKSON
v.
BONEHAM.

tions that he had got to be a soldier, (as he expressed himself.)   Thus it appears that the soldier under whom the plaintiff claims went to sea in the year 1774, and entered the service in the fall of 1775 ; and in the defendant's deed he is described as a *mariner*, which is a pretty strong circumstance to show that both parties claim under the same person.

The hearsay evidence offered and objected to, of *Moses Miner* being with the *New-York* troops, and of his being killed in the army, was admissible for the purpose of showing his death, and the place where he died, but would not, of itself, afford any evidence of his having served in the army as a soldier entitled to bounty land.

. We do not perceive any objection to the admission of a sworn copy of the records of the town of *Stonington*, as evidence of the family of *Moses Miner*.   But this was unnecessary proof; the fact was sufficiently established by his sister, *Esther Miner*.   From her testimony it appears that the lessor of the plaintiffs and herself are the only surviving heirs of her brother *Moses*.   They are, accordingly, entitled to recover two-thirds of the premises in question.   The defendant claims under a deed from *Ebenezer Minor*, who calls himself the heir at law of *Moses Minor*, but there is no evidence of that fact, nor any thing showing who *Ebenezer Minor* is.

It was admitted on the trial, that if the plaintiff had a right to recover, the defendant was entitled to compensation for his improvements.   The plaintiff must, accordingly, have judgment for two-thirds of the premises in question, with stay of execution until the improvements have been paid for, pursuant to the act in such case made and provided.

                                   Judgment for the plaintiff.