GUY H. CUTTING, impleaded, etc., Appellant, *v.* ANDREW J. CONKLIN, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A mistake in using the word defendant for defendants in some parts of a declaration, is unimportant, where the meaning is obvious.

The use of the word Feb'y instead of February, in describing a note, is unimportant.

The describing a note made payable to " Conklan," as being payable to Conklin, is unimportant ; they are the same in sound.

A note indorsed in blank, is sufficient to pass the title to it ; and the blank may be filled on the trial.

THE plaintiff's declaration contains a single count in assumpsit, in the usual form, on a promissory note, as follows :

$300.00.                      CHICAGO, Feb'y 22nd, 1860.

    Five months after date we promise to pay to the order of J. E. Conklan Three Hundred Dollars, at our office, value received, with interest at ten per cent.

                         WALKER & CUTTING.

Indorsed, J. E. CONKLIN.

Defendant Walker was not served, and did not plead below.

Cutting plead general issue, non-assumpsit, and notice of special matter.

At the April term, 1861, of Superior Court, a jury was waived, and the cause was tried by HIGGINS, Judge, who rendered a judgment for the plaintiff below, appellee here.

The following errors were assigned :

The court below erred in not rejecting the note offered, and admitted as evidence in this cause, on the ground of a variance between the said note and the declaration of the plaintiff below, in the following instances, to wit :

The said plaintiff below described the said defendants below in his said declaration as " defendant," in the singular number, when they should have been charged in the plural number, as they were both sued and were both liable.

The note is dated " Feb'y," and the said declaration charges it to be dated " February," without any qualification or allegation as to the legal effect of the abbreviation of the word.

The payee of the said note is J. E. Conklan, according to the copy filed with the declaration and by the note itself, and the said payee is described in the said declaration as J. E. Conklin, without any qualification or charge as to the legal effect of the variance, the name in the note as payee, and the name of the payee in the declaration, being different names.

It is alleged in the said declaration, that the payee indorsed in writing the said note, and then and there ordered and appointed the said sum of money in the said note mentioned to be paid to the said plaintiff, etc., when in truth and in fact there is no indorsement whatever on the back of the said note, except and only the name of " J. E. Conklin," signed in blank, and no copy of the instrument, indorsed as alleged in said declaration, was filed with the declaration in said cause.

The court below erred in giving judgment in favor of the said plaintiff below, when he was not the owner of the note sued on, and not legally entitled to recover thereon.

J. W. Waughop, and C. C. Bonney, for Appellant.

M. Rorke, for Appellee.

Walker, J.   It is urged, that the plaintiff below employed the singular instead of the plural number, in describing the defendants in his declaration.   Whilst this is true in at least two places, yet in the beginning of the count they are described as " the defendants ; " also, in the breach.   In stating

the manner in which they executed the note, the averment is, that the " defendant," by the name and style of " Walker & Cutting," promised to pay, etc. This might possibly have been grounds of special demurrer, but not for arrest of judgment, had such a motion been interposed. It is not a variance, as it appears only to have been a mere slip of the pen, unimportant in its character, in nowise changing the sense. There is no person who would not say that the count was against the defendants. About this there can be no doubt, and is sufficiently certain.

It is again urged, that in the date the month is written " Feb'y," whilst in the declaration it is written in full. No objection seems to have been made, by the defendants on the trial, to the admission of the note in evidence. If there had been any force in the objection, which we by no means concede, it was waived by permitting it to be read without objection.

It is insisted, that there was a variance between the declaration and the note. The note is payable to " J. E. Conklan," and the name is written in the declaration as " J. E. Conklin." This is one and the same name in sound, and falls within the case of *Stevens* v. *Stebbins,* 3 Scam. 25.

It is urged as an error, that the note was described as having been assigned in writing, whilst, when produced, it was assigned in blank. The name of the payee was indorsed upon the note, and being in writing, it has always been held sufficient to pass the title to negotiable paper. The plaintiff had the right to fill it up on the trial, and would no doubt have done so, if the objection had been made. This objection comes too late, and is without force.

It is lastly objected, that the finding was against the evidence. It fails to establish a payment. It appears, that an offer was made by the payee, to remit ten per cent., if the makers would pay money by a specified time, but whether on this or other indebtedness, the witnesses are unable to state. Nor do they say what sum was paid. Such evidence is altogether insufficient to defeat a recovery on the note. The objections raised upon this record are all wholly without any force, and the judgment must be affirmed.

*Judgment affirmed.*