# HENRY E. CARLETON v. JAMES B. TOWNSEND AND JOHN P. POWELSON.

ASSIGNMENT OF ERROR IN STATEMENT.—An assignment in a statement or motion for new trial that the evidence is insufficient to justify the verdict should specify the particulars in which the evidence is insufficient, or it will be disregarded.

SPECIFICATION OF ERRORS IN STATEMENT.—A general allegation in a statement that the Court erred in admitting illegal and incompetent evidence, or in excluding legal and competent evidence, is insufficient. The appellant should state on what alleged errors he will rely as the grounds of his motion for a new trial.

IDENTITY OF NAME IN TWO DEEDS.—A deed offered in evidence to show the transmission of title from a former grantee, in which the name of the grantor is identical with that of the grantee in the older deed, is *prima facie* evidence that the two persons are the same, even though the two deeds recite the residence of the person to be at different places.

IDENTITY OF PERSONS OF SAME NAMES IN TWO DEEDS.— The question of the identity of a grantor in a deed with the grantee in a previous deed is one of fact for the jury, and not one of law or fact to be passed on by the Court before the admission of the deed in evidence.

VAN NESS ORDINANCE.—The Van Ness Ordinance and the Act of the Legislature confirming the same vested in the possessors described in the ordinance a title to the lands therein mentioned, as against the City of San Francisco.

PROOF OF TITLE IN A STRANGER IN EJECTMENT.—If the plaintiff, in an action to recover the possession of land, shows possession in himself, or the better right to the possession as between him and defendant at the time of the entry of the defendant, the defendant will not be permitted to overcome the presumption of title in the plaintiff by showing title in a stranger.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendants appealed.

The facts are stated in the opinion of the Court.

*James B. Townsend*, for Appellants.

The admission in evidence on the part of plaintiff of the deed dated April 4th, 1862, from one Benj. T. Black, *of Oroville, in the County of Butte*, to plaintiff Carleton, without proof that the grantor in said deed was the *same person* as the grantee in the deed next previously given in evidence, was erroneous.

The *grantee* in the deed next previously given in evidence, was Benj. T. Black, *of the City of San Francisco*.

No attempt was made to prove that *this* Benj. T. Black had changed his residence from San Francisco to Oroville prior to

the execution of the deed to the plaintiff. The *presumption of law* was that his residence *continued* where it is shown to have been at the time of the conveyance to him. (*Prather* v. *Palmer*, 4 Pike, Ark. 486 ; 2 Stark. Ev. 937.)

This presumption, we think, was not overcome by its appearing that there was a person bearing the *same name* at *Oroville*, in the County of Butte, at the time the deeds to the plaintiff were executed.

But were we mistaken in this last proposition, and were it held that the presumption against identity, arising from difference of residence, was counterbalanced by the presumption in its favor, arising from similarity of name, even then the matter was left in *equipoise*, and, therefore, *not proved*. (*Doe ex dem. Hanson* v. *Smith*, 1 Camp. 196 ; *Middleton* v. *Sandford*, 4 Camp. 34 ; *Parkins* v. *Hawkshaw*, 2 Starkie, 239 ; Buller's Nisi Prius, p. 171.)

*W. W. Crane, Jr.*, for Respondents.

The exact similarity of the names in the two deeds raises, at least, the presumption of identity of the persons. *Prima facie* they are the same ; and it was for the appellants to rebut this presumption by showing, if they could, that the persons were different. (*Thompson* v. *Manrow*, 1 Cal. 428 ; *Hatch* v. *Rocheleau*, 18 New York, 86.)

By the Court, RHODES, J.

Ejectment to recover a portion of the lot No. 1,188 in the City of San Francisco. Both parties claimed under the prior possession of their respective grantors, and both claimed title under the " Van Ness Ordinance," and the statute ratifying and confirming the same, and the plaintiff also relied upon adverse possession for a period exceeding five years before the entry of defendants. The jury found for the plaintiff. The defendants moved for a new trial, and the grounds relied on are errors in law, committed by the Court and excepted to by them. Insufficiency of the evidence to justify the verdict is

stated as one of the grounds, but as they do not specify the particulars in which the evidence is insufficient, that ground must be disregarded; and if the proper specifications had been made, the ground could not be maintained, for the evidence appears quite sufficient to sustain the verdict. Several of the specifications of errors in law committed by the Court do not amount to specifications within the meaning of section one hundred and ninety-five of the Practice Act. The general statement that the Court erred in admitting illegal and incompetent evidence for the plaintiff, or in excluding legal and competent evidence offered by the defendants, or in excluding evidence offered by them to show title in the defendants' grantor, amounts to but little, if anything, more than an allegation that the Court committed errors in law. The defendants have annexed to the judgment a statement on appeal, and the grounds therein contained will be examined so far as it may be necessary to a proper disposition of the case.

1. The plaintiff having introduced in evidence a deed executed to Benjamin T. Black, of San Francisco, in 1859, offered in evidence a deed of the same premises to the plaintiff, executed by Benjamin T. Black, of Oroville, in the County of Butte, in 1862, and the defendants objected to its admission without proof that the grantor was the same person as the grantee of the former deed. The question of the identity of the grantor of the last mentioned deed with the grantee of the previous deed, is a question of fact for the jury, and neither a question of law nor a preliminary question of fact, to be passed on by the Court, before the admission of the deed; and the party producing the deed must satisfy the jury upon this point by competent evidence, otherwise the deed will be disregarded, because it does not show a transmission of the title of the previous grantee. The general rule is that the identity of the name is *prima facie* evidence of the identity of the person. (2 Phil. Ev. C. H. and E. Notes, 606; *Thompson* v. *Manrow*, 1 Cal. 428; *Mott* v. *Smith*, 16 Cal. 554; *Jackson* v. *Boncham*, 15 Johns. 226.) The name of the city or county, usually following the name of the grantor, forms

no part of his name, but it simply indicates his residence at the date of the deed ; and the recital of the residence of the grantor as in a different county from that of the grantee of the prior deed of the same name, would be presumptive evidence of a change of residence of the same person between the dates of two deeds ; but in the absence of proof that there were two persons of the same name, it would not raise the presumption that the grantor was a different person from the previous grantee of the same name.   The addition of the place of residence is in many respects of less significance than that of "junior," and it is said of "junior" that it forms no part of the name—that it is a casual and temporary designation that may exist one day and cease the next.   (See *Padgett* v. *Lawrence*, 10 Paige, 170 ; *People* v. *Collins*, 7 John. 549 ; *Fleet* v. *Youngs*, 11 Wend. 522 ; *Kincaid* v. *How*, 10 Mass. 203.)   In *Hatcher* v. *Rocheleau*, 18 N. Y. 86, which was an action on a judgment rendered in the State of Mississippi, it was held that the identity of the name of the defendant in the two actions was " presumptive evidence (and sufficient, no suspicious circumstances appearing) that the defendant is the person against whom the judgment was rendered."

2. The Court did not err in overruling the defendants' motion for a nonsuit as to either or both of said defendants, for there was evidence tending to show the prior possession of the plaintiff's grantor, and to connect both of the defendants with the alleged ouster.

3. The questions relating to a sale under execution of the interest of the City of San Francisco in the land that passed to the city, as the successor in interest of the former pueblo, were fully and satisfactorily passed upon in the case of *Hart* v. *Burnett*, 15 Cal. 530 ; and the conclusions announced in that case have been too frequently adopted and acted upon in subsequent cases to be now disturbed, except for the most cogent reasons.

4. The defendants insist with great zeal, and with a most abundant citation of authorities and legal principles, that the Court erred in excluding the preamble and resolutions, and an

order of the Board of Supervisors, purporting to repeal the Van Ness Ordinance, passed a few days prior to the Act of the Legislature confirming the ordinance.   The purpose of the evidence, was mainly to show that the ordinance was repealed before the passage of the confirmatory Act, and that the city did not consent to, but protested against its passage, and it is argued therefrom, that the Act was powerless and ineffectual to pass the title of the city in the premises.   Questions arising upon the ordinance and the confirmatory Act, have been presented to this Court in almost every conceivable form, and the legality and validity of the ordinance and the Act, have uniformly been maintained by the Court.   It has been steadily held, that they vested in possessors described in the ordinance, a title to the lands therein mentioned, as against the city, and those decisions have become a rule of property, lying at the foundation of a large portion of the titles to real estate in that city, and the rule is now upheld, not only upon principle, but upon considerations of policy, requiring certainty and stability in the rules constituting the landmarks of property.   The doctrine of *stare decisis* does not find a more clear, forcible or necessary application in respect to any of the rules governing the transmission of the property of the city or of the former pueblo, than to this rule.   (*Hart* v. *Burnett,* 15 Cal. 612; *Holladay* v. *Frisbie,* Id. 630; *San Francisco* v. *Beideman,* 17 Cal. 443; *Hubbard* v. *Sullivan,* 18 Cal. 508; *Board of Education* v. *Fowler,* 19 Cal. 11; *Wolf* v. *Baldwin,* Id. 306; *Hubbard* v. *Barry,* 21 Cal. 321.)

But if the proposition of the defendants is conceded, that the title to the premises did not and could not pass from the city by virtue of the ordinance and confirmatory Act, their position is not materially strengthened, for the title still remains in the city, and they do not in any manner—other than through the ordinance and the Act—connect themselves with it; and they, as well as the plaintiff, can rely only upon the rights growing out of the possession of the premises by themselves and those under whom they respectively claim. If the defendants were not in possession at the commencement

of the action, the plaintiff of course could not recover, and if they were then in possession they will be presumed to be rightfully in possession until the plaintiff shows a better right in himself, and until that is shown it would be idle for the defendants, even if permitted, to prove an outstanding title in the city. If the plaintiff shows possession in himself, or the better right to the possession as between him and the defendants, at the time of the entry of the defendants, as alleged in the complaint, they would not be permitted to overcome the presumption of title in the plaintiff, that the law raises upon such proof, by showing title in a stranger. They could not obviate the consequences of their own trespass, by showing that the entry of the plaintiff was a trespass upon the possession of a third person.

5. The remaining points in the case relate to the instructions given or refused by the Court, and in this respect the case is nearly identical with that of *Greely* v. *Townsend*, 25 Cal. 604, in which the rulings of the Court below were sustained. We think this case was fully and fairly presented to the jury by the Court, and that the instructions given to them declare the law applicable to the evidence in the cause with commendable clearness and precision.

Judgment affirmed.

Mr. Justice SAWYER expressed no opinion.