## Warren Springer v. M. B. Hutchinson.

1. VARIANCES—*The Doctrine of Idem Sonans.*—If two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, the names are *idem sonans;* and the variance is *prima facie* immaterial.

2. IDEM SONANS—*Barnstein and Burnstein.*—Barnstein and Burnstein are *idem sonans.*

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County, the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

This was a suit on a note, executed by appellant, payable to the order of A. Burnstein, and alleged to have been indorsed and delivered to appellee. The declaration filed October 5, 1894, contains only one count, which alleges that on August 1, 1894, appellant made his note of that date, to the order of A. Barnstein, due sixty days after date, and delivered the same to said Barnstein, for the sum of $943.35, and that said Barnstein indorsed the said note to appellee, and delivered the same to appellee.

A copy of such note and indorsement was attached to and filed with the declaration, such copy purporting to be of a note payable to the order of " A. Barnstein," indorsed by " A. Barnstein," to appellee.

Appellant filed the general issue, together with notice of special defenses, the substance of such special defenses being that the note was made by appellant to the order of " A. Barnstein," and delivered to said " Burnstein," without any consideration, but solely for the purpose of discounting the same and returning the proceeds thereof to appellant; and that such note was taken by one Frankel, from said Burnstein, with knowledge on the part of said Frankel of these facts, and that the plaintiff obtained such note with like knowledge.

The case was submitted for trial without a jury, and the court found the issues for the plaintiff, and entered judgment on such finding, and the defendant appealed.

Appellee offered the note, and indorsements thereon, in evidence, being a note payable to the order of " A. Burnstein," indorsed on the back, " Pay to the order of M. B. Hutchinson," over the signature of " A. Burnstein;" also indorsed on the back, " Warren Springer, I. M. Cushman, A. B. Camp."

Appellant objected to such note and indorsements being received in evidence because of variance from the allegations of the declaration and from the copy of note and indorsements attached to and filed with the declaration, stating specifically such difference and variation.

The court sustained such objections and refused to receive the note and indorsements in evidence.

Thereupon appellee's counsel moved the court for leave to amend the copy of note and copy of indorsement thereon, attached to and filed with the declaration, by changing the name of the payee to " A. Burnstein," instead of " A. Barnstein," and by making the same change in the name of the indorser. No amendment was made to the declaration. Appellant's counsel objected to granting leave to so amend copy of note and indorsement filed, and particularly moved and insisted that if such amendment be allowed, it should be upon terms of continuance, but the court allowed such amendment without imposing such terms, and appellant excepted thereto.

Thereupon appellee's counsel amended the copy of note and indorsement attached to the declaration by changing the name in both from " A. Barnstein " to " A. Burnstein." Upon such amendment being made, appellant's counsel again moved the court for a continuance by reason of such amendment, and by reason of the plaintiff's failure to file with the declaration a true copy of the note and indorsement sued on pursuant to statute.

The court stated that it would not allow the motion for continuance unless appellant would show that he was prej-

udiced by the amendment and taken by surprise. Appellant's counsel replied that he moved for a continuance as a matter of right, and not as a matter of discretion on the part of the court, his motion being grounded upon the statute, which required the plaintiff to file with his declaration a copy of the instrument sued on. The motion for continuance was overruled and exception preserved.

Thereupon appellee's counsel again offered the note and indorsements thereon in evidence, and appellant renewed his objections thereto specifically, which were overruled, and the same were received in evidence, to all of which appellant duly excepted.

Thereupon the appellee rested his case and appellant moved the court to exclude the evidence offered, which motion was overruled.

The errors assigned and relied on in this court are: That the trial court erred in receiving the note and indorsements in evidence against the objections of appellant; also in permitting appellee to amend copy of note sued on, without imposing terms of continuance; also in denying the motion of appellant for continuance; also in refusing the propositions of law offered by appellant, severally, and in the finding and judgment.

WM. J. AMMEN, attorney for appellant, contended that "Barnstein" and "Burnstein" are not *idem sonans*. Citing Ducommun v. Hysinger, 14 Ill. 242; Becker v. German Mutual Fire Insurance Company, 68 Ill. 412; Cruikshank v. Comyns, 24 Ill. 602; Higgins v. Lee, 16 Ill. 495.

DOYLE, VERMILYEA & JOHNSON, attorneys for appellee, contended that the law does not treat every slight and trivial variance, such as the omission or addition of a letter, as fatal. The variance should be a substantial and material one, such as would render the instrument offered in evidence a different and distinct instrument from the one described in the declaration to authorize the court to exclude it on the ground of variance. The rule of *idem sonans* has

been much relaxed in modern practice. Stevens v. Stevens, 3 Scam. 25; Wheeler v. Reed, 36 Ill. 85; Frazer et al. v. Smith, 60 Ill. 147; Betton, Admx., v. Fisher, 44 Ill. 34; Chiniquy v. Catholic Bishop, 41 Ill. 153.

Even in criminal cases, the change of a letter and the addition of another one was not fatal. Beckwith v. People, 4 Blackf. 171; Turnble v. People, 4 Blackf. 437.

It was held that Betton and Beton were the same and no variance. 44 Ill. 34.

Japheth and Japhath held no variance. Morton v. McClure, 22 Ill. 258.

Conklin and Conklan held no variance. Cutting v. Conklin, 28 Ill. 506.

Anna and Anne held no variance. Kerr v. Swallow, 33 Ill. 380.

Dougal McGinnis and Dugald McNinis held no variance, even in a criminal case. Barnes v. People, 18 Ill. 53.

McDonald and McDonnell held to be no variance. McDonald v. People, 47 Ill. 534.

Zemeriah and Zimri held no variance. Ames v. Snider, 55 Ill. 498.

Danner and Dannaher held no variance. Gahan v. People, 58 Ill. 161.

Sinclair and St. Clair are held to be the same. Rivard v. Gardner, 39 Ill. 126.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

If two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, the names are *idem sonans*, and the variance is *prima facie* immaterial.

Courts are not fastidious in enforcing absolute precision in respect to orthography. Rooks v. State, 83 Ala. 79; Donnell v. United States, 1 Morris (Iowa) 141; Capan v. The People, 58 Ill. 163; Cutting v. Conklin, 28 Ill. 506; Donald v. People, 47 Ill. 534; Rivard v. Gardner, 39 Ill. 126;

McGregor v. Balsh, 17 Vt. 562; State v. Patterson, 2 Iredell 346; Foster v. State, 1 Tex. App. 533. Barnstein and Burnstein are *idem sonans*.

There was *prima facie* no variance between the note offered in evidence and that described in the declaration.

The amendment was unnecessary, and the application for continuance properly refused.

The judgment of the Circuit Court is affirmed.