(87 App. Div. 380.)

### GOTTLIEB v. ALTON GRAIN CO.

(Supreme Court, Appellate Division, First Department.   November 13, 1903.)

1. FOREIGN JUDGMENTS—PRESUMPTION OF VALIDITY.
    The judgment of a court of another state is entitled to the presumption of validity.
2. NAMES—JUDGMENTS—PARTIES—INITIALS IDEM SONANS.
    A judgment against "W. B. Gottleib" was enforceable against the defendant, though his name was "William B. Gottlieb"; not being invalid on account of the use of the initials of the Christian name, and the surnames being idem sonans.
3. TRIAL—ADMISSIONS OF COUNSEL.
    In an action on account defendant answered that he had paid the claim under garnishee process issued in an action against plaintiff in another state.   Plaintiff's attorney moved for judgment on the pleadings, stating that "in this case the defendant in that suit and the plaintiff here was served by publication, and never appeared."   Subsequently the attorney refused to concede, for the purpose of rejecting certain testimony, that his client was the defendant in the foreign action.   Held, that it sufficiently appeared that plaintiff in the action at bar was the defendant in the foreign action.
    Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by William B. Gottlieb against the Alton Grain Company. From the judgment for defendant, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Arnold C. Weil, for appellant.
Hoffman Miller, for respondent.

LAUGHLIN, J.   This is an action to recover an amount due the plaintiff from the defendant upon an account stated.   The defense was payment of the money under garnishee process issued out of the circuit court of Cook county, Ill., in an action brought by the Milwaukee Elevator Company against the plaintiff.   The defendant in the action in the courts of Illinois was sued under the name of W. B. Gottleib.   The defendant in this action introduced in evidence the judgment roll in the former action, and proved payment of the account on which this action is based under the garnishee process issued therein.   The plaintiff objected to the introduction of the judgment roll upon the ground, among others, that it did not appear that this plaintiff was the defendant in that action.   The action in Illinois

was for trespass upon the case upon promises for failure to accept and pay for barley, the delivery of which was tendered and refused. The proceedings in the Illinois case showed that the defendant in that action resided in the city of New York, and his nonresidence in the state was the basis of the garnishee process. Counsel for plaintiff in this action, in moving for judgment upon the pleadings upon the ground that it did not appear by the answer that the plaintiff in this action and the defendant in the Illinois action was a nonresident of the state of Illinois, said, among other things: "In this case, the defendant in that suit and the plaintiff here, he was served by publication. He never appeared, and it seems to me that we have a right to question the jurisdiction; and it seems to me that they haven't brought themselves within the statute as they pleaded it, and we are entitled to a judgment on the pleadings." The defendant then moved to amend the answer by inserting an allegation that the plaintiff was a nonresident of the state of Illinois and a resident of New York, and the motion was granted. The defendant then proved by the testimony of Mr. Murling, its representative on the floor of the Produce Exchange here, that he had a conversation with the plaintiff relative to a litigation between him and the Milwaukee Elevator Company, in which the plaintiff admitted that said company had sued him in the Illinois court for $6,000 or $8,000 for "a difference on barley" which it shipped to him and he did not accept, and said that he was going to sue this defendant here for the balance due before this trouble began; and that the witness told the plaintiff that this defendant had paid the indebtedness by order of the Chicago court. During the giving of this testimony counsel for the plaintiff interposed an objection, and the court said that the testimony would be received unless counsel for the plaintiff would admit that his client was the defendant in the action in Illinois, to which counsel for the plaintiff said, "I shall not concede that." The court then observed: "That was conceded in your motion made here in the beginning of this trial. You said your client was sued in that case, but never had appeared in it;" and counsel for the plaintiff made no reply. The plaintiff was called as a witness in his own behalf, and testified that the Milwaukee Elevator Company had instituted a proceeding against him in the Produce Exchange for his refusal to accept barley, and denied that he had ever stated to Murling that the Milwaukee Elevator Company had sued him for $6,000 or $8,000; but he did not deny that he had said to Murling that an action had been brought against him in the Illinois court by the Milwaukee Elevator Company for the amount due on the barley. At the close of the evidence both parties moved for a direction of a verdict, but the plaintiff, upon the denial of his motion, requested the court generally to submit the case to the jury, and this motion was denied, and he excepted. The court then granted the defendant's motion for a direction of a verdict.

It appears from the judgment roll that the proceedings in the action in Illinois were regular, and in accordance with the statutes of that state. The plaintiff, being a nonresident, was served by publication. Without attempting to controvert the jurisdictional facts shown and recited, the plaintiff claims that the judgment is void on ac-

count of the fact that the Christian name is not given in full. The judgment is entitled to the presumption of validity (Ferguson v. Crawford, 70 N. Y. 254, 26 Am. Rep. 589), and we know of no law prohibiting the use of these letters as a given or Christian name. Even if it is to be assumed that the letters are used as abbreviations of his given names, yet the technical rules formerly applied to such questions have given way to more liberal views, and it is clear that the court would in such case acquire jurisdiction over the defendant if personally served, and over his property within the state if served by publication. Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562; Holman v. Goslin, 63 App. Div. 204, 71 N. Y. Supp. 197. Plaintiff was sued by an Illinois corporation in the courts of that state, and it attached a claim due to him from another Illinois corporation. "Gottleib" and "Gottlieb" are idem sonans, and the contention that the judgment cannot bind the plaintiff on account of the variance in the summons is without merit. Cutting v. Conklin, 28 Ill. 506; Springer v. Hutchinson, 59 Ill. App. 80. Full faith and credit must therefore be given to the judgment.

The appellant now contends that it was not shown that he was the defendant in the action in Illinois. We are of the opinion that it appeared upon the trial without controversy that the plaintiff in this action was the defendant in the action in Illinois. His denial that he told Mr. Murling that he had been sued by the Milwaukee Elevator Company for $6,000 or $8,000 was no denial of the fact that he had been sued by that company, or that he was the defendant in the action the judgment roll in which was received in evidence. If he intended to controvert that fact, his testimony should have been more specific. If he had a defense to the action brought against him in Illinois, he should have interposed it there, or moved to open the judgment. The defendant has paid the indebtedness for the benefit of the plaintiff by order of a court of competent jurisdiction having jurisdiction, which is binding on the plaintiff until vacated. The court was therefore justified in directing a verdict for the defendant.

It follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and HATCH and PATTERSON, JJ., concur.

INGRAHAM, J. (dissenting). The action was brought on an account stated. The answer admits the statement of account between the plaintiff and the defendant, whereby it appeared that the defendant was indebted to the plaintiff in the sum of $1,885.32, and alleges as an affirmative defense that the defendant is a foreign corporation organized under the laws of the state of Illinois; that its principal office for the transaction of business is in the city of Chicago, in said state; that after the said account was stated, and on or about December 1, 1902, an action was commenced in the circuit court of Cook county, Ill., by the Milwaukee Elevator Company, a corporation organized under the laws of said state, against William B. Gottlieb, the plaintiff herein, to recover from the plaintiff a sum exceeding $4,000 as damages for an alleged breach of a contract; that the

said Milwaukee Elevator Company caused to be duly issued in said action out of said circuit court of Cook county a writ of attachment against the plaintiff, directed to the sheriff of Cook county, commanding the said sheriff to attach the rights, moneys, credits, and effects of this plaintiff found in said county, and further commanding the said sheriff to summon this defendant as garnishee to be and appear at the said court on the third Monday of December, 1902; that said writ was duly served on this defendant by the said sheriff on or about December 1, 1902; that process in said action was duly served upon the plaintiff in the manner provided by the laws of the state of Illinois, and that said plaintiff had actual notice of the pendency of said action, of said writ of attachment, and of said garnishee process against this defendant; that the plaintiff failed to appear in or defend the action, and that on or about February 19, 1903, judgment was duly entered in said action against this plaintiff and against this defendant as said garnishee for the sum of $1,885.32; that thereupon, and on or about February 19, 1903, this defendant paid said judgment against it as garnishee, the said sum being the same amount as was due from the defendant to the plaintiff as shown by said account stated.  The case coming on for trial, the defendant, accepting the affirmative, offered in evidence an authenticated copy of the record in the action of the Milwaukee Elevator Company against "W. B. Gottlieb" in the circuit court of Cook county, Ill.  That record was objected to by the defendant, one of the objections being that it appeared upon the face of the record that the action "is one instituted by the Milwaukee Elevator Company against one W. B. Gottlieb, who is not a party to this suit."  This objection was overruled, and the plaintiff excepted.  A witness was then called by the defendant, who testified that he had a conversation with the plaintiff relative to a litigation between him and the Milwaukee Elevator Company; that the plaintiff told the witness that the elevator company sued him in Chicago for a difference on barley which was shipped to him and not accepted.  Upon cross-examination the witness testified that he knew that the matter had been thrashed out before the board of managers of the Produce Exchange, and that they had found in favor of the plaintiff.  The defendant then rested.  The plaintiff was called as a witness, and testified that on December 1, 1902, or prior thereto, he was not indebted to the Milwaukee Elevator Company in any sum of money whatever; that prior to that time the Milwaukee Elevator Company instituted a proceeding against the plaintiff in the New York Produce Exchange for his refusal to accept 25,000 bushels of barley prior to December 1, 1902; that the plaintiff defended those proceedings, and the case was tried out before the board of managers of the New York Produce Exchange; that he never stated to the witness called by the defendant that the Milwaukee Elevator Company had sued him for $6,000 or $8,000.  At the close of the testimony the defendant moved for the direction of a verdict for the defendant, and the plaintiff moved for the direction of a verdict for the plaintiff.  The court granted the defendant's motion, whereupon the plaintiff asked leave to go to the jury, which was denied, and to which the plaintiff excepted.

Upon the face of the record in the Illinois court the defendant was "W. B. Gottleib," while the plaintiff in this action is "William B. Gottlieb." It was alleged by the defer 'ant that the plaintiff was a resident of the state of New York, and not a resident of the state of Illinois, and there is nothing upon the face of the record to show that the plaintiff in this action was the same person sued in the courts of the state of Illinois. The last name is spelled differently, and the first or Christian name of the defendant in the Illinois action is "W."; that in this action is "William." The first or Christian name of a party is an essential part of his name. In Wiehle v. Schwarz, 54 N. Y. Super. Ct. 169, the General Term of the Superior Court held that a foreign judgment entered as against a defendant designated as "A. Schwarz" could not sustain an action against "Anton Schwarz." And upon the face of the record in the Illinois action as it stood was not admissible as against this plaintiff. To entitle the defendant to succeed upon this defense, it must appear that the court in Illinois obtained jurisdiction either over the person of the defendant or of the defendant's property, which in this case consisted of the indebtedness owed to him by the Illinois corporation. There is no claim that the Illinois court obtained jurisdiction over the person of the defendant, and the right of the defendant to be discharged from its conceded indebtedness to the plaintiff must depend upon the court of Illinois obtaining jurisdiction over the property of the plaintiff, viz., the indebtedness of the defendant to the plaintiff. To obtain such jurisdiction the proceeding in the Illinois court must have been against this plaintiff. Upon the face of the record, the proceeding was not against the plaintiff, but against "W. B. Gottleib." In Farnham v. Hildreth, 32 Barb. 277, it was held that a judgment could only be enforced against the person or property of the defendant named; and that service of a summons upon a party by a wrong name does not give the court jurisdiction over his person, and his appearance cannot be compelled. See, also, Griswold v. Sedgwick, 6 Cow. 456, and cases cited. If the testimony offered by the defendant was admissible, I do not think it was sufficient to identify this plaintiff with the defendant in the action in Illinois. The only admission that the plaintiff was said to have made was that he had been sued in Chicago by this corporation for $5,000 or $6,000. That may be true, and still the action in which this judgment in Illinois was entered was against the person described as defendant, and not against this plaintiff. There is no claim of any personal service on the defendant, nor was there any evidence that the defendant had notice of the commencement of the action. There is no presumption that a summons mailed in Chicago and addressed to "W. B. Gottleib, New York," would ever reach this plaintiff. But, assuming that this testimony would be some evidence of the fact of the identity of the plaintiff with the defendant in the Illinois action, the plaintiff denied having made any such statements as were testified to; and that, I think, would present a question for the jury as to whether the defendant in the Illinois action was the plaintiff in this action. It is quite clear, however, that evidence that the party named in the Illinois action was intended to be the same person as the plaintiff in this action

would not justify the court in enforcing the Illinois judgment against the plaintiff. Farnham v. Hildreth, supra; Griswold v. Sedgwick, supra. The defendant admitted its indebtedness to the plaintiff, and, to entitle it to be relieved from its obligation, it was required to prove that the action in Illinois was against the plaintiff in this action. The evidence here is not sufficient, in my judgment, to justify the court in holding that that fact was proved, and the record in the Illinois court was not competent evidence against the plaintiff.

I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.