(119 App. Div. 172)

## SPORZA v. GERMAN SAVINGS BANK.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. JUDGMENT—AMENDMENT—NAMES OF PARTIES.

Where an insane person was known by three different names, the designation of the person by only one of them in the order of court appointing a committee of her estate is not a jurisdictional defect, and the court had power thereafter, upon proper notice being given to the parties interested, and upon sufficient facts being shown, to amend the order by inserting the other names by which the incompetent was known.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 601.]

NAMES—IDEM SONANS—LEGAL PROCEEDINGS.

Under the doctrine of idem sonans, an order appointing a committee of the estate of an incompetent, in which the person was called "Jetta," was

sufficient to authorize a bank to pay to the committee money deposited by such person under the name of "Jetter."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Names, §§ 12–14.]

Action by Frank Sporza, committee of the estate of Ida Jetta, against the German Savings Bank, in the city of New York. Submitted to the Appellate Division upon an agreed statement of facts. Judgment for plaintiff.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

James E. Brande, for plaintiff.
John E. Donnelly, for defendant.

McLAUGHLIN, J. This case comes before the court on an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure. From these facts it appeared that on the 22d of November, 1897, one Ida Jetter opened an account with the defendant by depositing with it a sum of money; that she thereafter deposited other sums of money and made various withdrawals therefrom, and there is now standing to her credit the sum of $1,309.72; that on the 20th of July, 1902, she married one Frank Sporza, and some time thereafter, just when does not appear, she was duly committed to the Manhattan State Hospital as an insane person; that she was an inmate thereof on the 23d day of May, 1906, when an order was made at a Special Term of this court, upon the petition of the superintendent of such hospital, in a proceeding entitled "In the Matter of the Appointment of a Committee of the Estate of Ida Jetta, an Alleged Incompetent Person, and an Inmate of the Manhattan State Hospital," appointing this plaintiff such committee, and directing all persons having possession of her property to deliver the same to him upon demand and presentation of a certified copy of the order and a certificate of the clerk of the county of New York that the bond required had been duly filed by him. The committee, having given the bond required, made a demand that the defendant turn over to him the money standing to the credit of the incompetent, at the same time presenting a certified copy of the order appointing him a committee of her estate, together with a certificate of the clerk that the bond required had been given. The defendant refused to pay the money, upon the ground that the name of the incompetent person was misspelled in the order; her name being spelled "Jetta," while in the accounts on defendant's books it was "Jetter." No question is raised but what the proceedings leading up to the appointment of the plaintiff were in all respects regular, except that it is claimed that section 2323a of the Code of Civil Procedure, under which the appointment was made, is unconstitutional. After the defendant had refused to pay, upon an affidavit (showing that since the order was made appointing plaintiff committee it had been discovered that the person called "Ida Jetta" in the order had, prior thereto, married one Sporza, and that she, prior to such marriage, had also been known by the name of "Ida Jetter"), and a notice of motion duly given to all parties interested, an application was made to amend the order by inserting after the words "Ida Jetta," wherever the same appeared, the words "other-

wise known as 'Ida Jetter,' otherwise known as 'Ida Sporza,' " with the same force and effect as if originally contained therein. The motion was granted and the order amended accordingly; the plaintiff, however, being required to give a new bond, which he did, and he then made another demand for the money held by the defendant, which was also refused and the parties have submitted their controversy to this court.

The plaintiff contends that he is entitled to judgment for the amount claimed, with costs, while the defendant contends that the designation of the incompetent in the original order as Ida Jetta was a jurisdictional defect, and for that reason the order could not thereafter be amended; also, that section 2323a of the Code of Civil Procedure, under which the appointment was made, is unconstitutional and void. The court had jurisdiction to make the original order, and therefore had the power, upon proper notice being given to the parties interested therein, and upon sufficient facts being shown, to amend it, to the end that such order might correctly express its intent and accomplish its purpose. Where a person is known by more than one name, he may be sued or legal proceedings instituted against him by either, or the one by which he is generally known. Stuyvesant v. Weil, 167 N. Y. 421, 60 N. E. 738, 53 L. R. A. 562. Here the incompetent was known by three names, "Ida Jetta," "Ida Jetter," and "Ida Sporza." The superintendent of the hospital upon whose petition the plaintiff was appointed a committee of her estate knew her only by the name of "Ida Jetta." He had a right under the statute to institute the proceedings, and, in doing so, called her by the only name which he knew and described her as being an inmate of the Manhattan State Hospital. This, obviously, was sufficient to give the court jurisdiction. When it was subsequently discovered that she was also known by the other names, one of which she had used when making the deposits with the defendant, it was proper for the court (due notices having been given) to amend the order so it should correctly describe her by the different names by which she was known. It was proper to do this, but I do not think necessary, because the name used in the original order was substantially the same, so far as sound is concerned, as the one under which the deposits were made, which is all that is required. People ex rel. Kenyon v. Sutherland, 81 N. Y. 1. The doctrine of idem sonans applies. Under this doctrine strict or absolute accuracy in spelling names is not required in legal documents or proceedings. All that is required is that the name as spelled, though different from the correct spelling, conveys to the ear, when pronounced according to commonly accepted methods, a sound practically identical with the sound of the correct name when pronounced. 21 Am. & Eng. Enc. of Law (2d Ed.) p. 313. There was, therefore, when the first and second order was presented, no justification whatever for the defendant's refusing to turn over the money standing to the credit of the incompetent to her committee.

Nor is there any force in defendant's contention that section 2323a is unconstitutional. A discussion of the reasons why the section is constitutional would hardly be profitable in view of the fact that the

question was squarely passed upon in the Fourth Department in Matter of Walker, 57 App. Div. 1, 67 N. Y. Supp. 647, and necessarily passed upon by this department in Trust Company of America v. State Safe Deposit Co., 109 App. Div. 665, 96 N. Y. Supp. 585.

It follows, therefore, that the plaintiff is entitled to judgment against the defendant for the amount claimed, with costs.  All concur.