## VEIT v. SCHWOB.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. NAMES—IDEM SONANS.
　　"Schütz" and "Schultz" are idem sonans.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Names, §§ 12–15.]

2. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—TITLE OF VENDOR—MARKETABLE TITLE.
　　In view of Real Property Law, Laws 1896, p. 610, c. 547, § 252, providing that an acknowledgment must not be taken by any officer unless he knows or has satisfactory evidence that the person making it is the person described in and who executed such instrument, a deed and certificate of acknowledgment of a notary, attached thereto, that the persons whose acknowledgments he took were known to him to be the individuals described in and who executed the deed, furnish sufficient evidence that the deed was executed by the persons acknowledging it, and the title in the chain of which the deed is a link is not unmarketable because the names are misspelled in the acknowledgment.

Appeal from Trial Term, Kings County.

Action by Henry Veit against Isidore Schwob. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Edward M. Perry, for appellant.
Huberty & Greifenstein, for respondent.

MILLER, J. The plaintiff, a vendee in a contract for the purchase and sale of land, has recovered a judgment against the vendor for the amount of his deposit and the expense of examining title. The sole question presented by the appeal is whether the plaintiff was justified in refusing to take title.

One of the deeds in the defendant's chain of title was executed by John C. Schütz and Wilhelmina Schütz to the People's Realty Company, dated February 6, 1899, and recorded in the office of the register of Kings county February 7, 1899. The names of the grantors were properly spelled in the deed, and it is undisputed that both signed the deed. The certificate of acknowledgment is as follows:

"State of New York, County of Kings—ss.:

"On this 6th day of February, in the year 1899, before me personally came John C. Schultz and Wilhelmina Schultz, his wife, to me known and known to me to be the individuals described in and who executed the foregoing instrument, and they thereupon severally duly acknowledged to me that they executed the same.            John B. Reitz,
                                    "Notary Public, Kings Co., New York."

The plaintiff contends that the mistake of the notary in inserting the letter "l" in the names of each vitiates the certificate of acknowledgment and creates such a doubt as to make the title unmarketable. The said John C. Schütz is willing to execute and acknowledge another deed; but his wife, Wilhelmina, is unable to do so, because she is insane. I think the names are idem sonans. Certainly "Schütz" and "Schultz" are as near alike as "Jetta" and "Jetter" (Sporza v. German Savings Bank, 119 App. Div. 172, 104 N. Y. Supp. 260), "Minner" and "Miner" (Jackson v. Boneham, 15 Johns. 226), "Patterson" and "Petterson" (Jackson v. Cody, 9 Cow. 140), or "Storrs" and "Stores" (People v. Sutherland, 81 N. Y 1). A scholar might recognize the umlaut in the German name "Schütz," but it is doubtful if a man of ordinary education would; and the names "Schütz" and "Schultz," by giving the same sound to the vowel, might easily be pronounced so nearly alike that the ear would detect no difference. Doubtless the notary thought that the name was spelled with an "l" from hearing it pronounced.

But, if there can be any doubt about this, the title was still marketable. "An acknowledgment must not be taken by any officer unless he knows, or has satisfactory evidence, that the person making it is the person described in and who executed such instrument." Real Property Law, Laws 1896, p. 610, c. 547, § 252. In this case the notary has certified that the persons whose acknowledgments he took were known to him to be the individuals described in and who executed the deed. I do not think it is even necessary to resort to parol proof, as the deed and certificate of acknowledgment furnish sufficient internal evidence that the deed was executed by the said John C. Schütz and wife, who concededly were the owners of the property at the time. The title was marketable, and the plaintiff should have accepted it. Hellreigel v. Manning, 97 N. Y. 56; Hutton v. Weber, 60 N. Y.

Super. Ct. 247; 17 N. Y. Supp. 463, affirmed on opinion below 137 N. Y. 615, 33 N. E. 745.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.