Russ-Kap, Inc., Plaintiff, *v.* Grace E. Connolly et al., Defendants.

Supreme Court, Special Term, Nassau County, February 9, 1950.

*Allinson & Gerzof* for plaintiff.

*Mildred McGinity* and *Eugene Hurley* for Grace E. Connolly and another, defendants.

*Marcus G. Christ, County Attorney,* for H. Bogart Seaman, as Nassau County Treasurer, defendant.

Hooley, J. Motion for an order dismissing the complaint herein on the ground that it does not state facts sufficient to constitute a cause of action and for an order dismissing the complaint on the ground that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same cause between the parties hereto. Motion also for an order to cancel *lis pendens*.

There is no dispute as to the facts. It appears from the complaint that the plaintiff was the owner of four lots at Merrick, on which it failed to pay taxes; that the lots were sold for the unpaid taxes, and that in due course, a tax deed was delivered to the defendant, Knocklong Corp. Thereafter, the grantee in the tax deed brought an action in the Nassau County Court against the plaintiff herein, the former owner of the lots, to establish the regularity of the tax sale and of the title resulting therefrom, and again in due course, recovered judgment.

The sole basis of the plaintiff's action is that in the action brought upon the tax deed, the present plaintiff (the defendant in that action) is described as Rus-Kap, Inc., whereas its true name is Russ-Kap, Inc., and it is claimed that the omission of one " s " in spelling the name deprives the court of jurisdiction. There is no allegation in the complaint that the present plaintiff was misled in fact, or that there existed another or different corporation of similar name, so that the misspelling might give rise to uncertainty.

The complaint does not state a cause of action. Even if the action brought by the Knocklong Corporation against Rus-Kap, Inc., was not binding on Russ-Kap, Inc., that would not change the admitted fact that the taxes were unpaid and that the tax deed had been delivered. No right would vest in the defendant because it was not properly named in the summons except the negative one of not being bound by the judgment. It was not necessary to the tax title that any action be brought to establish its validity. By section 5–53.0 of the Nassau County Administrative Code (L. 1939, ch. 272) the tax deed vested in the grantee an absolute estate in fee. The first branch of the motion is granted.

As to the second branch of the motion, the summons in the prior action was served by publication, and it is claimed that, when the service is not personal, the defendants' names must be correctly spelled, or the court fails to obtain jurisdiction. If the court obtained jurisdiction of the defendant, it is bound by the judgment and cannot now or in the future advance any claim to title hostile to the successful plaintiff.

The court is of the opinion that the rule of " *idem sonans* ", that is, if the names sound alike, a variance in their spelling is immaterial, is applicable here. There is no conceivable way in which Russ-Kap can have a different pronunciation from Rus-Kap, and they have substantially the same appearance to the eye.

In *People ex rel. Kenyon* v. *Sutherland* (81 N. Y. 1) the names " Stores " and " Storrs " were held to be *idem sonans*. Likewise with Schutz and Schultz in *Veit* v. *Schwob* (127 App. Div. 171). In *Gottlieb* v. *Alton Grain Co.* (87 App. Div. 380) Gottleib and Gottlieb were held to be *idem sonans*. (Also, see, *Sporza* v. *German Sav. Bank,* 119 App. Div. 172 [Jetta and Jetter] ; *Jackson* v. *Boneham,* 15 Johns. 226 [Minner and Miner], and *Jackson* v. *Cody,* 9 Cow. 140, [Patterson and Petterson].) In *City of Long Beach* v. *Lu Vina Madden* (271 App. Div. 793, motion for leave to appeal to the Court of Appeals denied 271 App. Div. 931) the court, in an action to foreclose tax liens, granted, after judgment, a motion by plaintiff to amend the summons, complaint, judgment and other papers in the action so as to substitute the name " Lu Vinna Madden " therein, wherever the name of one of the defendants appeared as " Lee Vinna Madden ". The second branch of the motion is also granted. Motion to cancel *lis pendens* also granted pursuant to section 123 of the Civil Practice Act.