## THE PEOPLE v. WOLF et al.

In suit in the District Court, on a bond given in the Court of Sessions for the appearance there of a party indicted for misdemeanor—the Court of Sessions having declared the bond forfeited for non-appearance—the sureties cannot defend on the ground that the judgment of forfeiture was erroneous. That judgment cannot be thus revised.

The question, whether a party indicted for misdemeanor has an absolute right to appear by attorney and defend, so as to prevent the forfeiture of his bond, not passed on.

Appeal from the Seventh District.

Suit on a bond given by defendants for the appearance, etc., in the Court of Sessions, of one Diehl, indicted for exposing poison to cattle. At the term of Court following the execution of the bond, the District Attorney presented affidavits that Diehl was absent from the State, and moved that he be called for arraignment on the indictment, and, in default of appearance, that his bond be forfeited. Whereupon, H. Mills, an attorney at law, stated that he was duly authorized to appear for said Diehl; that he had previously filed a motion to set aside the indictment, and also a demurrer thereto, and asked the Court to pass thereon. The Court refused; and the attorney then asked leave to file a plea of not guilty, and go to trial. This being refused, the defendant, Diehl, was duly called, and not answering in person, the bond was declared forfeited, and the District Attorney directed to collect the same. Further facts sufficiently appear in the opinion.

Plaintiff had judgment. Defendants appeal.

M. S. Chase, for Appellants.

W. W. Theobalds, for Respondents.

Baldwin, J. delivered the opinion of the Court—Cope, J. concurring.

This was an action on a forfeited recognizance. The principal in the bond was called, and the recognizance declared forfeited, for want of the appearance of the principal in the Court of Sessions of Contra Costa county. The suit on the recognizance was brought in the District Court. The defense of the sureties in that Court was, that the defendant, though personally absent, offered to appear by attorney, and,

therefore, that the Court had not power to declare the bond forfeited, and to refuse to hear the defense of the principal defendant by attorney. It is not necessary to consider the question, so elaborately argued, whether a party indicted for a misdemeanor, has an absolute right to appear by attorney. It is sufficient that if the Court of Sessions erred in this respect, the error cannot be corrected or be made available in the District Court. The Court of Sessions decided that the defendant made no appearance, and forfeited his bond; and this judgment, if erroneous upon the facts, cannot be revised in the District Court, in the form of a plea or defense to the suit on the recognizance. This matter would be really a retrial of the subject passed upon by the Court of Sessions, or an indirect appeal from its decision.

The other points made are without merit.

Judgment affirmed.