R. J. Hardesty v. The State of Kansas.

No. 110.

1. Jurisdiction—*person under bonds to appear in district court cannot be taken from jurisdiction of court.* When a person is under bonds to appear before the district court of a county in Kansas, he cannot be compelled to go from the jurisdiction of said court during the term at which he is recognized to appear, by a subpena to appear and testify before the United States court.

2. Recognizance—*examined and held not void.* A recognizance which requires the defendant to "be and appear before the Judge of the District Court of Ford County, in the twenty-seventh judicial district of the State of Kansas, on the first day of the next term thereof," when considered in connection with paragraph 5219 of the General Statutes of 1889, is not void.

3. —————— *what surety must do to be released.* To be released from further liability upon a forfeited recognizance, a surety must do three things: *First*, he must furnish his principal; *second*, he must pay the costs of the forfeiture; *third*, he must tender a satisfactory excuse for the failure of his principal to appear as required in the recognizance.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed May 20, 1897. *Affirmed.*

This is an action upon a forfeited recognizance, brought in the District Court of Ford County, Kansas. Walter Hart was arrested, having been charged with the violation of the prohibitory law. The clerk fixed the amount of his bond at five hundred

dollars. While in the custody of the sheriff he executed a bond in the sum of five hundred dollars, with himself as principal and plaintiff in error, R. J. Hardesty, as surety. Upon the delivery of the bond to the sheriff of Ford County, he was released from custody. The conditions of the bond were :

"That said defendant shall be and appear before the Judge of the District Court of Ford County, in the twenty-seventh judicial district of the State of Kansas, on the first day of the next term thereof, to answer the State of Kansas on said charge, for said offense, and abide the judgment of said court and not depart the same without leave."

The case was submitted to the court upon an agreed statement of facts, the substance of which is, that Hart appeared on the first day of the term as provided in the bond ; his case was set for the next day ; he did not appear, and the forfeiture of the bond was taken ; on the night of the first day of the term, Hart was served with a subpena to appear forthwith before the United States Court at Wichita, to testify as a witness in a criminal case there pending ; he obeyed the subpena, but without asking leave of the District Court of Ford County ; when he arrived at Wichita, he immediately applied to the United States Court to be excused from attending there, and gave as his reason that he was under bond to appear in Ford County, and that the Ford County court was in session ; this request was refused and he was detained ; as soon as he was released he returned to Ford County, pleaded to the complaint, was convicted and abided the judgment of the court.

Judgment was for the State and defendant below brings the case here.

*M. W. Sutton*, and *H. M. Garry*, for plaintiff in error.

*J. M. Kirkpatrick*, and *Ed. H. Madison*, County Attorney, for the State.

DENNISON, P. J.   Counsel for the plaintiff in error assign two grounds of error for which they expect a reversal of the judgment:

*First.*  Hart had sufficient excuse for not appearing before the court at the time required by the conditions of his recognizance.  *Second.*  The recognizance is void.

The arguments in the brief of the plaintiff in error are all directed toward maintaining these two propositions, and the first one is evidently based upon paragraph 5217 of the General Statutes of 1889.   Neither of the propositions can be sustained.   The agreed statement of facts shows no sufficient reason why Walter Hart did not appear for trial and remain there until excused by the court. Prior to the execution and delivery of the bond, the District Court of Ford County had exclusive jurisdiction over him.   It surrendered the possession of his person to his bondsman and took in lieu thereof the bond.   A subpena from the United States Court could not compel Hart's attendance before that court if he had remained in the custody of the sheriff.   Being in the custody of his bondsman they should have prevented his going beyond the jurisdiction of the court, and could fail to do so only at the peril of being unable to procure his return to meet the requirements of the recognizance.   The court would have prevented his removal to Wichita, if a proper proceeding had been instituted for that purpose.   Hart voluntarily went to Wichita in obedience to the subpena from the United States Court.   He may have thought

1. Not compelled to obey subpena.

that he was compelled to do so and have acted in the utmost good faith, but this is not a legal excuse for his non-appearance in the District Court of Ford County according to the terms of his recognizance.

Paragraph 5217, *supra*, reads as follows :

"If, without sufficient excuse, the defendant neglect to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail, or money deposited as bail, as the case may be, is thereupon forfeited."

Hart had no legal excuse for not being present in the Ford County District Court at the time the bond was forfeited, and no excuse of any kind is shown by the record to have been presented to the court at that time. It is contended that the bond is void because it requires the defendant "to be and appear before the Judge of the District Court of Ford County, in the twenty-seventh judicial district of the State of Kansas, on the first day of the next term thereof." This bond considered in connection with paragraph 5219, General Statutes of 1889, is sufficient. Said paragraph reads as follows :

2. Bond held sufficient.

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained, from the recognizance, that the sureties undertook that the de-

784      HARDESTY v. THE STATE.

S. Dept.            Opinion.  Dennison, P. J.            5 Kan. App.

fendant should appear before the court or magistrate for examination. or trial for such offense.''

It certainly appears that the defendant was legally in custody charged with a public offense, and that he was discharged therefrom by reason of the giving of the bond ; and it certainly appears from the bond that Hardesty undertook that Hart should appear before the court for trial for such offense.   The recognizance is legal, and the defendant Hart appeared before the District Court of Ford County, Kansas, in accordance with its provisions, and it was his duty to remain there until he obtained leave of the court to depart.   He did not remain, but departed without leave.   No sufficient excuse and, in fact, no excuse at all being tendered to the court for his failure to appear, the bond was properly forfeited. The excuse given for the non-appearance of Hart was not tendered to the court until the trial upon the forfeited recognizance.   We do not hold that this excuse would not be a satisfactory excuse under the requirements of paragraph 5214, General Statutes of 1889, which reads as follows :

*3. How surety may be released.*

'' The bail at any time before final judgment against him upon a forfeited recognizance, may surrender his. principal in open court or to the sheriff, and, upon payment of all costs, and upon presenting a satisfactory excuse for the failure of his principal to comply with the conditions of said recognizance, may thereupon be discharged from any further liability thereon.''

In fact, if such excuse had been properly presented at the right time and the other conditions of this paragraph complied with, we think it would have been sufficient, and the judge would have released Hardesty from further liability.

Prior to 1889, paragraph 5214 provided that the

bail, before final judgment, might surrender his principal, pay the costs and be released from further liability. The abuse which was practiced under this provision was, that in many cases bonds were given and the principal, sometimes by a collusion with his surety, would absent himself until the witnesses were gone, or until for some other reason a conviction could not be had, when he would appear in time to save a final judgment against the surety. To prevent this abuse this paragraph was amended in 1889, providing that in addition to the surrender of the principal and payment of costs, the surety must present a satisfactory excuse for the failure of his principal to appear. The excuse in this case was, that Hart was served with a summons from the United States Court commanding him to appear before it at Wichita, Kan., and testify in a criminal case pending therein. Evidently believing that he was compelled to obey its commands, he went at once to Wichita, and the next day in open court he asked the judge of the United States Court to excuse him from further attendance and to permit him at once to return to Ford County, as he was recognized to appear before the Ford County District Court. The judge declined to excuse him and he remained until he was excused from the United States Court, when he immediately returned to Ford County, Kansas, and at the same term presented himself before the district court to answer to its charges against him.

It is very evident that there was no collusion between Hart and Hardesty, nor was there any intention upon the part of either that Hart should absent himself until witnesses could be got out of the country, or until a conviction should be doubtful or impossible ; neither did Hart wait until a final judgment was about to be taken against Hardesty. He came back and

submitted himself to the jurisdiction of the court, during the term and before suit could have been brought upon the forfeited recognizance.

Hart was evidently mistaken as to the obligations imposed upon him by the subpena, but he was clearly acting in good faith. Admitting that this excuse was satisfactory and that the return of Hart was a sufficient surrender of the principal upon the part of the surety, yet we cannot hold that the court erred in finding against Hardesty, for the reason that there is nothing in the record to show that he paid or tendered the costs which had accrued in the action upon the bond up to the time the excuse was presented to the court.

The judgment of the District Court is affirmed.