## The People of the State of Illinois v. James D. Tidmarsh and William F. Gaumer.

1. RECOGNIZANCE—*what does not invalidate.* Where the name of a principal in a recognizance properly appears therein as coming into court with his surety to enter into the same, the mere fact that his name is subsequently improperly spelled in such recognizance, does not invalidate the same.

2. RECOGNIZANCE—*when, sufficient in form.* It is not essential that the condition of a recognizance shall be in the precise language of the statute, which provides no particular form; it is enough if it comes within the terms of such statute.

3. RECOGNIZANCE—*when order of default not essential.* When the principal in a recognizance fails to appear, as conditioned in the recognizance. he is then subject to be defaulted and the recognizance is liable to forfeiture; but it is not then necessary to enter a default as to the surety.

4. RECOGNIZANCE—*what essential to proper forfeiture of a.* It is necessary to the proper forfeiture of a recognizance that the principal be regularly called and fail to appear.

5. RECOGNIZANCE—*what sufficient formal declaration of forfeiture of.* An order as follows: "And now it is by the court ordered that recognizance herein be and is now forfeited," held, a sufficient formal declaration of a forfeiture.

6. IDEM SONANS—*what within rule of.* The names of "Tidmarsh" and "Tidmarch" are *idem sonans.*

Action of debt upon recognizance. Appeal from the County Court of Edgar County; the Hon. WALTER S. LAMON, Judge, presiding.

Heard in this court at the November term, 1903. Reversed and re-manded. Opinion filed March 16, 1904.

JOHN W. MURPHY, State's Attorney, for appellant; F. C. VAN SELLAR, of counsel.

W. H. CLINTON and H. S. TANNER, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On December 9, 1901, James D. Tidmarsh, as principal, and William F. Gaumer, as surety, entered into recogni-zance in open court, in the sum of $500, for the personal appearance of said Tidmarsh before the County Court of the county of Edgar at the December term thereof, to be begun and holden at Paris, in said county, on the 9th day of December, 1901, and to abide the order of said court and not depart the same without leave. On January 3, 1902, the said Tidmarsh failing to appear, was called and de-faulted, the recognizance was declared forfeited and a writ of *scire facias*, returnable at the next term of the court, was awarded. The cause stood continued until June 3, 1903, when a *scire facias* issued and was served on the surety, Gaumer. A demurrer being interposed and sus-tained thereto an amended writ of *scire facias* was issued June 9, 1903, to which demurrer was again interposed and overruled. Appellee Gaumer then pleaded *non est factum*, *nul tiel record* and a special plea setting up an agreement with the state's attorney. Demurrers were sustained to the plea of *non est factum* and the special plea and the cause proceeded to trial before the court on the plea *nul tiel record*, and resulted in the refusal of the court to make the judgment of forfeiture absolute and to award execution.

It appears from the record that the court refused to make the judgment of forfeiture absolute for the reason that the evidence failed to show judgment of forfeiture. It is in-sisted that judgment and award of execution was properly refused, first, because of a variance in the name of the prin-cipal defendant as it appears in the record of the recogni-zance; second, because the recognizance is not conditioned

for the appearance of the principal at court, from day to day and from term to term, and from day to day of each term, in the language of the statute, and third, because the record of forfeiture fails to show that both the principal and surety were called and defaulted and that there was a formal judgment of forfeiture.

It appears from the copy of the recognizance set out in the *scire facias*, that it is entitled, "The People of the State of Illinois v. James D. Tidmarsh," and proceeds, "Now comes said People  *  *  *  and said defendant James D. Tidmarsh  *  *  *  and with him William F. Gaumer as his surety, etc.," and following, the name of the principal is again written "Tidmarch" and "Tidmarsk." In the record of the recognizance introduced in evidence as it appears in the bill of exceptions filed in this court, the name of the principal defendant is properly written "Tidmarsh" in the title and in designating him as the principal coming into court in person with his surety to enter into recognizance. The bill of exceptions being conclusive on appeal, as to the record introduced in evidence on the trial below, it appears that there is no variance in the name of the principal defendant in the recognizance. His proper name appearing therein as principal, coming into court with his surety to enter into recognizance, such recognizance is not invalidated, because he is therein subsequently designated "Tidmarch," and this in such manner as certainly identifies him as being the principal obligor before mentioned. We are of the opinion, however, that the names "Tidmarsh" and "Tidmarch" properly fall within the rules of *idem sonans*. Springer v. Hutchinson, 59 Ill. App. 80. The objection that the recognizance is not conditioned for the appearance of the defendant in the language of the statute and therefore void, is without force. In commenting on a like objection to a substantial similar recognizance, in Gallagher v. The People, 88 Ill. 335, the court said: "It is, however, urged that this recognizance is not conditioned according to the 297th section of the Criminal Code. We fail to perceive that the objection, in fact, exists. As construed

under the previous requirements of the statute, this recognizance does require all that is imposed by the statute. Although not within the recognizance, in terms, the accused was, under the decisions referred to, required to appear on the first day of the next term, and from day to day during the term, and from term to term, and from day to day of each term, until the final sentence or order of the court, and to answer the specified charge. Had all that is enumerated in that section been incorporated in the recognizance, it, in legal effect, would have been only the same as it now is, and no more. The statute gives no form, but requires that it shall be so conditioned as to require of the accused the performance of the enumerated acts. This being so, the form or language employed is immaterial, if it is sufficient in legal effect; and the language employed in this case has accomplished that object, the requirement of the statute is satisfied and the recognizance sufficient."

The recognizance was for the appearance of Tidmarsh. It was his recognizance, and upon his failure to appear in court as therein conditioned he was subject to be defaulted and thereupon such recognizance became liable to forfeiture. At that stage of the proceedings there was no occasion for an order of default as to the surety. It is necessary to the proper forfeiture of a recognizance that the accused be regularly called and fail to appear. Brown v. People, 24 Ill. App. 72. The order of court, as it appears in the record, following the recital of the failure of the principal to appear and his default, is as follows: "And now it is by the court ordered that recognizance herein be and is now forfeited." This was a sufficiently formal declaration of forfeiture. Banta v. The People, 53 Ill. 434; The People v. Witt, 19 Ill. 169.

The court erred in refusing to make the judgment of forfeiture absolute against the principal and his surety and in refusing to award execution.

*Reversed and remanded.*