## STATE v. HINES *et al.*

No. 2490.　Opinion Filed April 5, 1913.

(131 Pac. 688.)

1. BAIL—County Courts—Forfeiture of Bail Bond—Jurisdiction. The county court is not limited by its jurisdiction in civil cases to declare a forfeiture upon a bail bond given in a criminal action of which it has original jurisdiction.

2. SAME—Rights of Sureties. Where an order of court, admitting a defendant to bail, authorized the making of a single bond to cover three separate cases, and the bond given pursuant thereto recited that the defendant stood charged by the indictment in three cases, describing the offenses, such bonds, being otherwise valid, is binding and obligatory on the sureties.

3. SAME—Default of Principal—Failure to Call Sureties. Where the principal fails to appear at court, as required by the terms of a bail bond, the failure to call the sureties will not defeat an action on the bond.

4 SAME—Rights of Sureties—Defenses—Sickness of Principal. In an action brought in the district court by the state against the principal and sureties on a bail bond theretofore duly declared forfeited by the county court having jurisdiction of the criminal action, sickness of the principal on the date of forfeiture is no defense against the sureties' liability. Comp. Laws 1909, sec. 7112.

(Syllabus by Sharp, C.)

*Error from District Court, Sequoyah County;*
*John H. Pitchford, Judge.*

Action on a statutory bail bond by the State of Oklahoma against Frank Hines, John McEachin, and Paul Winsett. Judgment for plaintiff against defendant Hines, and for defendants McEachin and Winsett, and the State brings error. Reversed and remanded.

*Wm. L. Curtis,* for the State.
*Robert E. Jackson,* for defendants in error.

Opinion by SHARP, C. On February 2, 1910, the defendant in error Frank Hines was in custody, charged with having violated the state prohibitory laws in three separate cases, num-

bered 432, 441, 462.   On said day the county court of Sequoyah county made and caused to be entered an order fixing the bail of said defendant at the sum of $1,500 for his appearance on the first Monday in April, 1910, the bond fixed in said sum to include all three of said cases.   On the same day a bond, signed by said W. F. Hines, as principal, and John McEachin and Paul Winsett, as sureties, was tendered the county judge and by him approved.   The case coming on for trial on April 12th, the defendant filed a motion for continuance, which was overruled, and being called three times and failing to answer, his bond was ordered forfeited and alias warrant issued.   April 19th thereafter the defendant filed a motion to set aside the forfeiture theretofore taken, and to continue the case until the next term of court, assigning as grounds therefor that on the day of the forfeiture the defendant was ill and unable to be in attendance on the court,   Accompanying this motion was a certificate, signed by two physicians, stating that on the date of the affidavit, April 15, 1910, the defendant was sick in bed and unable to be up or to attend to any business on account of his said illness.   This motion coming on to be heard was by the court overruled, and the case reset for trial on June 15th. The present action to recover of the principal and sureties the amount of the forfeited bail bond was brought in the district court on August 31, 1910.   The defendants defended on the ground that the principal was at the time of the forfeiture prevented from attending court on account of unavoidable sickness, rendering it impossible for him to leave his home in Ft. Smith to attend the trial.

The bond provided that said defendant should well and truly make his appearance before the court at its next term to be begun and holden at the courthouse of said county of Sequoyah, in the town of Sallisaw, on the 4th day of April, 1910, and there remain from day to day and term to term of said court until discharged by due course of law.   The forfeiture, as we have seen, was not taken until April 12, 1910.   It was not necessary that the forfeiture be taken on the day named

in the bond, as was recently held by this court in *Knight et al. v. State of Oklahoma ex rel. H. D. Henry,* 35 Okla. 375, 130 Pac. 282, where is was held that a similar recognizance, executed in pursuance of the statute, was a continuing bond. See, also, *Shriver et al. v. State,* 32 Okla. 507, 122 Pac. 160.

It is urged here, in addition to the defenses made below: (1) That the bail bond, being a joint bond to answer for three cases, was therefore void: (2) that, no forfeiture having been taken against the sureties, no recovery could properly be had in a suit on the bond; (3) that the amount of the bond was beyond the jurisdiction of the county court.

We do not understand that the amount of a bond fixed in a criminal case, in a court of limited jurisdiction, must be confined to the amount over which the court has jurisdiction in civil actions. The county court had exclusive original jurisdiction of the offenses laid against the defendant. Sections 12, 18, art. 7, Williams' Ann. Const. Okla. The county court not only had jurisdiction of the offenses charged, but it was its duty to admit said defendant to bail. Section 7105, Comp. Laws 1909. This it did, and at the time made an order fixing his bail at $1,500, which bond when made was to include all three of the cases pending. Having jurisdiction of the offenses charged, the court would have, as a necessary incident to its jurisdiction, the right to adjudge a forfeiture of such bond. It is expressly provided by section 7112, *supra,* that if the defendant neglect to appear according to the terms or conditions of the recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance, or money deposited instead of bail, as the case may be, is and shall thereupon be declared forfeited. If the contention of the defendants in error be correct, then examining magistrates, having jurisdiction in preliminary hearings in all manner of bailable felony cases, could not fix a bail bond that would exceed in amount the maximum sum over which they had civil jurisdiction; so that no bond taken by such an officer for the appearance of a defendant in such court could exceed, in a justice of the peace court, $200, in the county court, $1,000.

Such is not the law. Entering an order of forfeiture against the principal is not the legal equivalent of the rendition of a judgment against the sureties, however important it may become in the subsequent proceedings in the district court in an action on the bond. It was the determination of a fact incidental to the jurisdiction in proceedings over which the county court had exclusive original jurisdiction, and which jurisdiction was possessed by no other court.

The question was before the Supreme Court of Texas, where, in *Garner v. Smith,* 40 Tex. 505, it was held that a justice of the peace had jurisdiction to declare a forfeiture of a bail bond in the sum of $1,000, given for the appearance of a defendant before the justice, although by statute it was provided that a justice of the peace should only have jurisdiction to try suits and actions in behalf of the state, or any county thereof, or any individual, to recover penalties, fines, and forfeitures, where such penalty, fine, or forfeiture did not exceed $100. Other cases in point are *State v. Quattlebaum,* 67 S. C. 203, 45 S. E. 162; *State v. Wilder,* 13 S. C. 344; *State v. Williams,* 37 La. Ann. 200; *State v. Cornig et al.,* 42 La. Ann. 416, 7 South. 698; *People v. Devlin,* 7 Daly (N. Y.) 47. In the latter case, referring to the rule at common law, it was said:

"As respects the forfeiting of the recognizance, that is a matter exclusively for the court where the the recognizance was taken. This was the rule of the common law. It was held in *King v. Tombs,* 10 Mod. 278, that the judges of Oyer and Terminer are the proper judges to determine whether recognizances are to be estreated or spared; that it is for the advantage of public justice that it should be in the power of the justices of Oyer and Terminer to spare the recognizances, if upon the circumstances of the case they see fit, and there is nothing in the statutory provisions above referred to changing the rule of the common law."

The test of the jurisdiction of the county court was not, therefore, the amount of the bond, but the fact that it had jurisdiction over the offense charged, and for which the defendant gave bond for his appearance.

The fact that but one bond to cover three separate cases was given does not thereby render the bond void. The bond was given in strict conformity to the order of the court fixing the bail, and therefore differs from the case of *United States v. Goldstein's Sureties,* 1 Dill. 413, Fed. Cas. No. 15,226, cited by counsel for defendants in error, in which case no order authorizing a single bond was made.

It is next urged that no forfeiture was taken against the sureties; they not being included in the call and declaration of forfeiture. This question was passed squarely upon in *Ingram et al. v. State of Kansas,* 10 Kan. 630, in which the syllabus is as follows:

"Where the principal fails to appear at court, as required by a criminal cognizance, the failure to call the sureties, or to enter the default of the principal on the records, will not defeat an action brought on the recognizance."

The bail bond was given for the appearance, not of the sureties, but of the principal. It was his absence that forfeited the bond. Having, without sufficient excuse, neglected to appear, the court, after having first called the defendant three times, declared a forfeiture on the bond, and caused the fact to be entered upon its minutes. This was all the statute providing for forfeiture of bail requires. *People v. Tidmarsh et al.,* 113 Ill. App. 153.

Lastly, in a suit brought against the sureties upon a forfeited bail bond, is the illness of the principal at the time of the forfeiture a defense such as will discharge the sureties from liability? There are decisions so holding; but, so far as our examination has extended, none arise out of a statute containing provisions like or similar to those found in section 7112, *supra.* This section provides that if, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond, or undertaking, either for hearing, arraignment, trial, or judgment, the trial court must direct the fact to be entered upon its minutes, and such recognizance, bond, or undertaking of bail, or the money de-

posited instead of bail, as the case may be, is and shall thereupon be declared forfeited. But if at any time before the final adjournment of court the defendant and his bail satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. It is further provided that after the forfeiture the district (county) attorney must proceed with due diligence by action against the bail upon the instrument so forfeited. If money, instead of bail, be so forfeited, the clerk of the court or other officer with whom it is deposited must immediately, after the final adjournment of court, pay over the money deposited to the county treasurer without further proceedings at law.

On the day of the forfeiture the defendant had moved for a continuance of the cases pending against him, which motion was overruled. Observing the provisions of the statute, he thereafter and on April 19th filed a motion to set aside the forfeiture theretofore taken, in which it was stated that at the time of forfeiture the defendant was ill and unable to attend court. This motion was supported by the affidavits of two physicians residing at Ft. Smith, Ark. This motion was overruled; and no further effort made in the county court to vacate and set aside the judgment of forfeiture. The question of the sufficiency of the defendant's excuse for failure to attend court according to the terms of his bond was therefore adjudicated and decided against him.

In People v. Wolf et al., 16 Cal. 385, a similar question was presented. It was there insisted by the sureties in the action brought on the forfeited recognizance in the district court that the court of sessions had erred in declaring the bond forfeited. Answering this contention the court said:

"It is sufficient that if the court of sessions erred in this respect the error cannot be corrected or be made available in the district court. The court of sessions decided that the defendant made no appearance, and forfeited his bond; and this judgment, if erroneous upon the facts, cannot be revised in the district court in the form of a plea or defense to the suit on the recognizance. This matter would be really a retrial of the sub-

ject passed upon by the court of sessions, or an indirect appeal from its decision."

Section 5362, Comp. Laws of Utah 1888, is very similar to our own statute; in fact, on the question of controlling importance the statutes are alike. It was held in *United States v. Eldridge,* 5 Utah, 161, 13 Pac. 673:

"Our territorial statute, however, provides that; notwithstanding the forfeiture of the undertaking, if, at any time before the final adjournment of the court, the accused or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking to be discharged upon such terms as may be just. Laws Utah 1878, p. 148, sec. 409. The appellants have not, however, concluded to avail themselves of the privileges offered by the statute. We think they have waived all the irregularities of which they could have taken advantage under it. We know of no authority for the court to entertain such excuse after the adjournment of the term, which took place a few days after the forfeiture"

—citing cases. Here the defendant did avail himself of the opportunity afforded by the statute, but having met with an adverse decision allowed the court's judgment to become final.

In *Friedline v. State,* 93 Ind. 366, it was held that where a justice of the peace adjudged a recognizance to appear before him to answer for a crime to be forfeited, and made the proper entry and certificate thereof, his judgment of forfeiture could not be questioned by plea or proof in a suit upon the recognizance. It was said by the court:

"Even if the action of the justice in the particular complained of was irregular, it did not render the judgment of forfeiture void. It cannot, therefore, be collaterally questioned."

*Hardesty v. State,* 5 Kan. App. 780, 48 Pac. 998; *State v. Stout,* 11 N. J. Law, 125; *State of Texas v. Ake,* 41 Tex. 166; *Foulke et al. v. Commonwealth,* 90 Pa. 257; *United States v. Reese,* 4 Sawyer, 635, Fed. Cas. No. 16,138; *Gregory et al. v. Levy et al.,* 12 Barb. (N. Y.) 610; *Pierson v. Commonwealth,* 3 Grant's Cas. (Pa.) 314.

That the defendant was subsequently surrendered into the custody of the officer and tendered the payment of all costs that

had accrued by reason of the forfeiture are not questions that can be raised in a suit on the forfeited recognizance in the district court. In other words, the defendant had presented his excuse to the county court, and it had there been adjudged insufficient. This was binding, not only on him, but, in so far as the forfeiture was declared, upon the sureties. In making this order overruling the defendant's motion, the county court may have erred or abused its discretion, as the case may be; but the judgment, having become final, is binding upon those affected by it. We have no hesitancy in saying that in the call of a criminal case, either for hearing, arraignment, trial, or judgment, or upon any other occasion when his presence in court may be lawfully required, if a defendant, on account of illness, is unable to be present, and such fact is made to satisfactorily appear, it would be either error or an abuse of discretion to refuse either to pass the case or grant a continuance, or upon sufficient showing to vacate and set aside the order of forfeiture. If by illness or accident a defendant is prevented from attending court, his recognizors should be relieved from liability on account thereof. But this contemplates that the relief sought be prosecuted at the proper time and in the proper court; otherwise, as in all other cases, the judgment of forfeiture would become final. In such cases the sureties must take timely notice of the fact of the default of their principal. They have voluntarily become his jailors (Comp. Laws 1909, sec. 7111), and if by reason of illness or unavoidable casualty their principal has been prevented from being present at court, it is their duty to see to it that excuse be rendered at the same term of the court at which the forfeiture was taken.

For the reasons stated, the judgment of the trial court should be reversed, and the cause remanded for further proceedings consistent with this opinion.

By the Court: It is so ordered.