Appeal from Third District.

## STATE v. SORENSEN, *et al.*

No. 2885.   Decided September 20, 1916. Rehearing denied November
27, 1916 (160 Pac. 1181).

1. BAIL—ACTION ON RECOGNIZANCE—PLEADING.   In action to re-
cover on a recognizance given for bail for one arraigned before
a justice, the complaint was not defective in not averring that
the complaint made before the justice was verified, where de-
fendants, by their undertaking, made a part of the complaint,
recited that a complaint on oath was made and filed before
the justice, and it was also alleged that a complaint was "duly
and lawfully drawn, signed, made and filed" before the justice.
(Page 666.)

2. BAIL—ACTION ON RECOGNIZANCE—PLEADING.   Such complaint was
not insufficient in not stating the county of the crime so as to
show the justice had jurisdiction; it being sufficient to aver
that the bailed person was legally in custody, properly charged
with a public offense, and was discharged because the bond
was given, without averring in detail the facts in respect to
such matters or describing the offense with the particularity
required in an initial pleading.   (Page 667.)

3. BAIL—ACTION ON RECOGNIZANCE—PLEADING.   Direct averments
in the complaint of a preliminary hearing and a binding over
before the justice, although desirable, were not essential, where
it averred that an information was filed in the district court
by the district attorney charging the bailed person with the
same crime with which she was charged before the justice,
and that upon the filing of the information an order was
made requiring her to appear for arraignment, since in a col-
lateral proceeding every necessary preliminary step will be
presumed to have been taken.   (Page 667.)

4. JUDGMENT—REGULARITY—PRESUMPTIONS.   In a collateral pro-
ceeding every presumption is indulged in favor of the district
court's jurisdiction and the regularity of its proceedings.   (Page
667.)

5. BAIL—BOND—CONSTRUCTION—IN FAVOR OF SURETIES.   The lia-
bility of sureties on a bail bond may not be extended by impli-
cation or presumption beyond the terms of their undertaking,
in view of the rule that sureties are favorites of the law.
(Page 668.)

6. BAIL—BOND—CONSTRUCTION. In view of Comp. Laws 1907, section 4988, providing for admission of defendant before conviction to bail "for his appearance * * * at the court to which the magistrate shall be required to return the complaint," upon his being held to answer after examination, etc., where a bail bond undertook that defendant "will appear and answer the charge above mentioned before said justice or in whatever court it may be prosecuted," (2) "will at all times hold herself amenable to the orders and process of said justice court," (3) "if held for trial will appear and render herself in execution of said orders and process and not depart without leave, or until discharged according to law," and (4) "if she fail to perform either of the conditions we will pay," etc., a default in failing to appear for arraignment in the district court was default within the bond. (Page 668.)

7. BAIL—ACTION ON RECOGNIZANCE—JUDGMENT OF FORFEITURE—PLEADING. An order or judgment of forfeiture is a pre-requisite to the maintenance of an action on a recognizance or bail bond, and must be alleged and proved. (Page 669.)

8. BAIL—ACTION ON RECOGNIZANCE—PLEADING OR JUDGMENT OF FORFEITURE. In an action on a recognizance given for bail of one arraigned before a justice, a complaint alleging defendant failed to appear for arraignment before the district court, and that on the day fixed for arraignment and on her failure to appear "the court duly and lawfully declared said bond forfeited," etc., was sufficient to show a proper order or judgment of forfeiture was made. (Page 669.)

9. BAIL—JUDGMENT FOR FORFEITURE OF BOND—ENTRY. Under Comp. Laws 1907, section 5007, requiring the court, if "without sufficient excuse" the defendant neglects to appear for arraignment, etc., to direct the fact to be entered upon its minutes, and providing that the undertaking of bail shall thereupon be forfeited, but if at any time before final judgment the defendant or his bail appears and satisfactorily excuses his neglect, the court may relieve from the forfeiture, etc., neither the ultimate nor evidentiary fact that such neglect was "without sufficient excuse" need be entered in the minutes in order to found upon the order of judgment of forfeiture an action to recover on the recognizance. (Page 671.)

10. BAIL—ACTION ON RECOGNIZANCE—DEFENSES. It is no defense to an action on a recognizance that information was not filed within the statutory thirty days after defendant had been examined and committed; the contention being that this deprived the court of power to order defendant's appearance for

arraignment, and hence invalidated an order of forfeiture of the bond, the failure of the district attorney not being available in such collateral proceeding.   (Page 671.)

11.  BAIL—DEFENSES—DENIAL OF RELIEF FROM FORFEITURE—COLLAT-ERAL ATTACK—ACTION ON RECOGNIZANCE.   Denial of motion of sureties on a bail bond to set aside the judgment or order of forfeiture thereof, under Comp. Laws 1907, section 5007, as to relief from such forfeiture, precludes them from attacking the validity or justice of such order or judgment of forfeiture in an action to recover on their recognizance, that being a collateral proceeding, even if they are not bound therein by the order or judgment of forfeiture itself.   (Page 671.)

McCARTY, J. (dissenting).

Appeal from District Court, Third District, Hon. *C. W. Morse*, Judge.

Action by the State against P. A. Sorensen and another.

Judgment for State.   Defendants appeal.

AFFIRMED.

*S. P. Armstrong* for appellants.

*E. O. Leatherwood,* Dist. Atty., for the State.

STRAUP, C. J.

This is an action brought to recover on a recognizance. Judgment was rendered for the plaintiff.   The defendants appeal.   It is contended that the complaint does not state sufficient facts.   So far as material the substance of it is that ''on a complaint duly and lawfully drawn, signed and made, charging M. Mellor with the crime of selling intoxicating liquors without a license, and duly and lawfully filed ''before a named justice of the peace, M. Mellor was on the 1st of March, 1913, ''duly and lawfully arrested,'' and that to obtain her release the defendants executed this bond or undertaking: ·

''The State of Utah v. M. Mellor, Defendant.   Bail Bond (Pending Examination).   Complaint upon oath having been made and filed on the ———— day of ————, A. D. 1913, before F. M. Bishop, a justice of the peace of the No. 2 precinct, of Salt Lake County, State of Utah, charging M. Mellor with

the crime of selling intoxicating liquors without a license, and the said M. Mellor having been duly arraigned upon said complaint, and admitted to bail pending examination and hearing thereof, in the sum of three hundred dollars.

"Now therefore, we, P. A. Sorensen and Nels J. Sorensen, do hereby undertake and promise that the above-named M. Mellor, defendant, will appear and answer the charge above mentioned before said justice or in whatever court it may be prosecuted and will at all times hold herself amenable to the orders and process of said justice's court, and, if held for trial, will appear and render herself in execution of said orders and process and not depart without leave, or until discharged according to law; or if she fail to perform either of the conditions, we will pay to the State of Utah, in lawful money of the United States, the sum of three hundred dollars.

"P. A. Sorensen. (Seal.)
"N. J. Sorensen. (Seal.)

"Executed and acknowledged before me and approved this 1st day of March, A. D. 1913.

"F. M. Bishop, Justice of the Peace."

It then is averred that Mellor was "thereupon released," and that thereafter, on the 29th day of May, 1913, an information was filed in the District Court by the district attorney, charging Mellor with the crime of selling intoxicating liquors without a license; that on the 1st of July, 1913, an order was made and entered by the District Court requiring Mellor to appear for arraignment on the 11th of July; that Mellor failed to appear, and that on the 11th of July the District Court "duly and regularly declared said bond forfeited," and directed the district attorney to institute proceedings to collect the forfeiture.

It is contended that the complaint is defective because it is not averred that the complaint made before the justice was verified. The defendants by their undertaking, which is made a part of the complaint, recited that a complaint on oath was made and filed before the justice. It also is alleged that a complaint was "duly and lawfully drawn, signed, made and filed" before the justice. These, we think, where such complaint is but collaterally drawn in ques-

tion, answers that objection. *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044.

It is next contended that the complaint is insufficient because it is not averred that the crime of selling intoxicating liquors was committed in Salt Lake County, and hence not shown that the justice, a precinct justice of that         2 county, had jurisdiction of the offense.   While it was essential to here aver that Mellor was legally in custody, properly charged with a public offense and was discharged by reason of the giving of the bond, still the facts with respect to such matters were not required to be averred in detail, nor was it requisite that the offense be described or designated with such particularity as is required in an initial pleading. *Holcombe* v. *State,* 99 Ala. 185, 12 South. 794; *United States* v. *Dunbar,* 83 Fed. 151, 27 C. C. A. 488; *Vaughan* v. *Candler,* 113 Ga. 9, 38 S. E. 352; *State* v. *Randolph,* 22 Mo. 474; *Allen* v. *Commonwealth,* (Ky.) 73 S. W. 1027.

It further is urged that the complaint is defective because it is not averred that Mellor had a preliminary hearing before the justice or that she was held to answer. It might be better pleading had that been averred. It, however,     3, 4 is averred that an information was filed in the District Court by the district attorney, charging Mellor with the same crime with which she was charged before the justice, and that upon the filing of the information an order was made requiring her to appear for arraignment.   Every presumption is indulged in the District Court's jurisdiction and in the regularity of its proceedings, and, until the contrary appears by the record, or otherwise is rebutted by competent evidence, it will be presumed in this, a collateral proceeding, that every step necessary to the filing of the information and the making of the order was properly taken, and all that was required to be done in such particular was done.   In view of this, direct averments of a preliminary hearing, and a binding over, were not essential. *Jennings* v. *State,* 13 Kan. 80; *Bernhamer* v. *State,* 123 Ind. 577, 24 N. E. 509.

It is further urged that the complaint does not show any breach of the recognizance.   In this respect it is argued that

the bail bond was given only for Mellor's appearance in the justice court, and to hold herself amenable only to the orders and processes of that court; and hence Mellor's alleged failure to appear in the District Court for arraignment was not a default or breach within the terms of the bond. While this bond, let it be conceded, is in some respects ambiguous, and as a form is not to be commended, still if from its language the intent of the parties may be ascertained to obligate the defendants for Mellor's appearance in the District Court, then ought they.to be held liable for such a breach? The statute (Comp.'Laws 1907, Section 4988) provides that:

"If the offense is bailable, the defendant may be admitted to bail: Before conviction—(1) For his appearance before the magistrate on the examination of the charge, before being held to answer; (2) to appear at the court to which the magistrate shall be required to return the complaint, upon the defendant being held to answer after examination; (3) after information filed or indictment found, either before warrant is issued for his arrest or upon any order of the court committing him or enlarging the amount of bail, or upon his being surrendered by his bail to answer the information or indictment in the court in which it is filed or found, or to which it may have been transferred for trial."

Under the familiar rule that sureties are favorites of the law, the liability of these defendants by implication or presumption may not be extended beyond the terms of their un dertaking and contract. While, as is seen, the bond is labeled "bail bond pending examinaton," yet, because of the statute and of the language in the body of the bond respecting the defendants' promises and undertakings, it is apparent that the bond was intended to be a continuing bond, and that the defendants not only bound themselves for Mellor's appearance before the magistrate on the examination, but also for her appearance in the District Court if she be held to answer after examination. By their own language they undertook and promised that Mellor: (1) "Will appear and answer the charge above mentioned before said justice or in whatever court it may be prosecuted"; (2) "will at all times hold her-

self amenable to the orders and process of said justice court'';
(3) ''if held for trial will appear and render herself in ex-
ecution of said orders and process and not depart without
leave, or until discharged according to law''; and (4) ''if she
fail to perform either of the conditions we will pay,'' etc.
From this language it is argued that the defendants under-
took that Mellor would hold herself amenable only to the ''or-
ders and process of the justice court''; that no default of any
such order or process is alleged, and that the default
which is alleged—failure to appear for arraignment
in the District Court—constitutes a default of an
order of the District Court and not of the justice court, and
hence such default is not within the terms of the bond. The
defendants, however, expressly undertook that Mellor, ''if
held for trial, will appear and render herself in execution of
said orders''—let it be conceded orders of the justice court.
But the order holding Mellor for trial and requiring her to
appear and answer in the District Court is an order of the
justice court, and one as to which the defendants promised
and undertook Mellor would hold herself amenable. It is not
by a strict, but only by a strained, construction, that the
bond can be given any other meaning. Thus, when the infor-
mation was filed in the District Court and an order there
made requiring Mellor to appear for arraignment, and when
she failed to appear, she not only made default of the Dis-
trict Court's order, but also of the justice's order holding her
for trial and requiring her to appear in the District Court,
and there answer the charge.

It undoubtedly is the rule that an order or judgment of
forfeiture is a prerequisite to the maintenance of an action on
a recognizance or bail bond, and must be alleged and
proved. It is alleged that Mellor failed to appear for    **7, 8**
arraignment, and that on the day fixed for the arraign-
ment and upon her failure to appear ''the court duly and
lawfully declared said bond forfeited,'' and directed the dis-
trict attorney to institute proceedings to collect the forfeiture.
It is contended that these allegations were insufficient to show
that a proper order or judgment of forfeiture was made. For

reasons present stated we think they are sufficient. We thus are of the opinion that the demurrer was properly overruled.

Questions are raised as to evidence. The state put in evidence the transcript of the justice's record in the case of *State* v. *Mellor*, transmitted to the District Court on the 22d of April, 1913, which, among other things, showed a verified complaint filed before the justice charging Mellor with selling, without a license, intoxicating liquors in Salt Lake County, the bail bond sued on, the preliminary examination before the justice and binding Mellor over to the District Court and holding her to there appear and answer the charge, the information filed in the District Court by the district attorney on the 29th of May, 1913, the order made by the District Court requiring Mellor to appear for arraignment on the 11th, and minutes of the court made on the 11th that "this being the time heretofore fixed for the arraignment of the defendant herein (*State of Utah* v. *Mellor*), the district attorney being present, and neither the defendant nor her attorney being present, on motion of the district attorney it is ordered that the bond of the defendant be, and the same is, hereby declared forfeited, and the district attorney is directed to bring suit for the recovery of said bond." It is claimed that though the allegation of forfeiture be held sufficient, yet the evidence does not show a sufficient judgment or order of forfeiture. This, because of the statute (Comp. Laws 1907, Section 5007), which provides:

"If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the undertaking of bail, or the money deposited instead of bail, as the case may be, shall thereupon be declared forfeited. But if at any time before the final adjournment of the court, the defendant or his bail appears and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

By reason of the statute it is argued that a good order or

judgment of forfeiture requires a recital of facts in the minutes showing that Mellor "without sufficient excuse" neglected to appear; and as the proved order contains no such recital, no action can be founded upon it. The statute, undoubtedly, requires the fact to be entered in the minutes that the defendant failed or neglected to appear, etc., and that the bond was declared forfeited. But we do not think that either the ultimate or evidentiary fact that such failure or neglect was "without sufficient excuse" was also required to be entered in the minutes. *State* v. *Austin,* 141 Mo. 481, 43 S. W. 165; *People* v. *Bennett,* 136 N. Y. 482, 32 N. E. 1044; *McGuire* v. *State,* 124 Ind. 536, 23 N. E. 85, 25 N. E. 11; *Banta* v. *People,* 53 Ill. 434; *People* v. *Tidmarsh,* 113 Ill. App. 153. That a non-appearance is inexcusable could, so far as the state's showing, be deduced in most instances only from the defendant's failure or neglect to appear. Whether such failure or neglect is excusable is something resting peculiarly within the knowledge of the defendant and not of the state; hence the provision of the statute, that before the final adjournment of the court the defendant or his bondsmen may appear and satisfactorily excuse the neglect and thus cause the forfeiture to be vacated.

The statute requires an information to be filed within thirty days after a defendant has been examined and committed. The record of the case of *State of Utah* v. *Mellor,* put in evidence by the plaintiff, shows that the information was not filed within that time. For this reason it is contended that the court, upon the filing of the information, was without power to order Mellor's appearance for arraignment, and hence that the order of forfeiture is of no effect. Such failure of the district attorney cannot aid the defendants in this, a collateral proceeding. *State* v. *Lagoni, supra.*

The defendants, by their answer, with great particularity, averred that Mellor at all times was a resident of Salt Lake City, and resided within four blocks of the building where the district court was held; that she had counsel of record who also maintained his office within three blocks of the building; that she and her counsel were at no time

during any of the proceedings absent from Salt Lake City;
that both had telephones and by such and other means
could readily have been notified of the filing of the informa-
tion and of the order requiring Mellor to appear for arraign-
ment; that upon the filing of an information and fixing a
day for a defendant's arraignment it had been the long-estab-
lished custom and practice of the court to notify the defend-
ant or his counsel of the day so fixed, but no notice of the
filing of the information nor of fixing the day for the ar-
raignment was given Mellor or her counsel, or either of the
defendants, and that none had notice or knowledge whatever
of the filing of the information nor of the making of the
order until the commencement of this action, and that Mellor,
at all times, was ready and willing to appear in the district
court whenever her appearance was required, and failed to
appear solely for the reason that she and her counsel both
were without notice or knowledge that she was required to
appear. But it was indisputably shown that after this suit
was commenced, and while it was pending, Mellor and these
defendants, in pursuance of section 5007, appeared before the
criminal division of the court, and on motion and by affida-
vits upon all of the grounds of excusable neglect set forth in
the answer herein, asked that the order of judgment of for-
feiture be vacated, which motion, upon a hearing had before
that court, was before the trial of this action denied. Now,
on the trial herein, the defendants offered evidence in sup-
port of the allegations of their answer, which upon objections
of the state, was refused. Complaint is made of the ruling.
It evidently was made on the theory that the record of the for-
feiture of the recognizance was conclusive evidence of the
breach and could not be impeached by extrinsic evidence; and,
further, that the matters so set up in the answer and offered
to be proved were determined and adjudicated on the motion
heretofore referred to. We think the ruling right. *State* v.
*Hindman,* 159 Ind. 586, 65 N. E. 911; *People* v. *Wolf,* 16
Cal. 385; *McNamara* v. *People,* 183 Ill. 164, 55 N. E. 625;
*State* v. *Hines,* 37 Okl. 198, 131 Pac. 688, Ann. Cas. 1915B,
431. Thus, whatever the truth may be as to the matters set
up in the answer, or the legal effect of them, was not open to

further litigation in this proceeding. Though it should be said that the defendants were not conclusively bound by the judgment or order of forfeiture itself, they certainly were bound by the adjudication made on their own motion to set the judgment or order aside, and hence were estopped from assailing it in this, a collateral proceeding.

The order, therefore, is that the judgment of the court below be affirmed, with costs.

FRICK, J., concurs.

McCARTY, J. (dissenting).

I think the court, under the facts and circumstances disclosed by the record, abused its discretion in refusing to set aside the forfeiture. I am also of the opinion that we are not precluded by any recognized or known rule of law of this jurisdiction from considering the question.

The only theory upon which the claim can be maintained that appellants are precluded and estopped from assailing the order overruling the motion to set aside the forfeiture is that the order is, in contemplation of law, a judgment from which an appeal could be taken. Our statute defines a judgment as "a final determination of the rights of parties in actions or proceedings." Comp. Laws 1907, section 3183. Clearly neither the forfeiture nor the order overruling the motion to set aside was "a final determination of the rights" of either the appellants or the state in this matter. If either of these orders has, or the two combined, have the force and effect of a final judgment or order, and such is the logic of the prevailing opinion, as I construe it, then it necessarily follows that when the order denying appellants' motion to set aside the forfeiture was made the state was entitled to have an execution issued and sufficient of appellants' property not exempt from execution levied upon and sold to satisfy—pay off—the judgment of forfeiture, and the bringing of the suit on the bond was a vain and useless thing. No such doctrine is contended for by the state or expressly announced in the opinion, but the logic of the opinion and the conclusions therein announced seem to me to lead to such a result;

otherwise sureties on bonds of the kind here involved are denied their constitutional right to have orders forfeiting such bonds reviewed and considered on appeal. Suppose, for illustration, appellants had appealed to this court from the order denying their motion to set aside the forfeiture only, and the state had moved to dismiss the appeal on the ground that it was not taken from a final judgment or order, I do not think it is even problematical respecting the position this court would have taken. Under such circumstances we would, in all probability, have dismissed the appeal, and in doing so invited appellants' attention to the fact that the order of forfeiture is in no sense a final judgment or order, that their liability or non-liability on the bond had not yet been judicially determined, and hence there was nothing upon which to base an appeal.

For the reasons stated, I am of the opinion that the judgment of the lower court should be reversed, with directions to that court to grant a new trial.